125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Webster Salasker LUCAS, Plaintiff-Appellant,
v.
DEPARTMENT OF CORRECTIONS; California Men's Colony,
Defendats-Appellees.
 No. 96-56330.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Sept. 24, 1997.
 
 Appeal from the United States District Court for the Central District of California William Matthew Byrne, Jr., Chief Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Webster Salasker Lucas, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety and medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, See Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 3
 The district court did not err by granting summary judgment for defendant prison officials on Lucas's Eighth Amendment claim because Lucas failed to raise a genuine issue of material fact as to whether officials were deliberately indifferent to a substantial risk of serious harm when they failed to cover the drainage ditch on prison grounds into which Lucas fell. See Fed.R.Civ.P. 56(c); Farmer v. Brennan, 511 U.S. 825, 837 (1994) (requiring proof that an official knows of and disregards an excessive risk to inmate safety health).
 
 
 4
 The district court did not err by granting summary judgment for defendant Dr. Faecher on Lucas's Eighth Amendment claim because Lucas failed to raise a genuine issue of material fact as to whether Dr. Faecher delayed or failed to treat Lucas's injuries from the fall. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (physician violates prisoner's rights by deliberate indifference to serious medical needs); Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990) (for deliberate indifference, delay in medical treatment must cause harm).
 
 
 5
 Because Lucas failed to show how additional discovery would have precluded summary judgment, the district court did not abuse its discretion by granting summary judgment without allowing Lucas to conduct discovery. See Qualls v. Blue Cross of California, Inc., 22 F.3d 839, 844 (9th Cir.1994).[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Having dismissed Lucas's federal claims, the district court had the discretion to dismiss the supplemental state law claims without prejudice to Lucas's right to refile them in state court under 28 U.S.C. § 1367(c). See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.1997) (en banc)