**Tamye EDWARDS, Plaintiff—
Appellant,**

v.

**COUNTY OF SAN DIEGO; Sandra Graves; San Diego Health and Human Services Agency, Defendants—Appellees.**

**No. 03–55832.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 10, 2005.

Decided March 3, 2005.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Donald J. Loftus, San Diego, CA, for Plaintiff–Appellant.

Leonard Earl Ligon, Esq., County of San Diego Office of County Counsel, San Diego, CA, for Defendants–Appellees.

Before: GOODWIN, MAGILL,* and RYMER, Circuit Judges.

* The Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

Plaintiff–Appellant Tamye Edwards appeals the district court's grant of summary judgment and the dismissal of her suit with prejudice. As Edwards's counsel conceded at oral argument, only one of the myriad of claims raised in her brief has merit: whether the First Amended Complaint sufficiently raised a claim under the California Constitution.

Federal Rule of Civil Procedure 8(a) states that a complaint only requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This court has repeatedly held that " '[a] party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case.' " *Sagana v. Tenorio,* 384 F.3d 731, 736–37 (9th Cir.2004) (quoting *Am. Timber & Trading Co. v. First Nat'l Bank,* 690 F.2d 781, 786 (9th Cir. 1982)). "[The] simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Furthermore, civil rights complaints are liberally construed. *Holley v. Crank,* 386 F.3d 1248, 1256 (9th Cir.2004).

The First Amended Complaint references the California Constitution in the second cause of action where it states that the defendants acted in "violation of 42 U.S.C. § 1983 and Plaintiff's [ ] rights under the California Constitution as well as under the U.S. Constitution." It appears that the district court and the defendant interpreted this solely as an allegation of a violation of § 1983, and therefore neither

addressed the validity of a claim under the California Constitution. A reference to the California Constitution would be wholly superfluous to the § 1983 claim, because § 1983 only allows relief for violations of federal, rather than state, rights. *Broam v. Bogan,* 320 F.3d 1023, 1028 (9th Cir. 2003). Additionally, in her opposition to summary judgment, Edwards did briefly discuss her argument that the California Constitution provided an independent basis for relief. As Edwards's counsel recognized at oral argument, the claim could have, and should have, been raised more clearly. That the claim could have been raised more clearly does not, however, mean that it was insufficiently pled. In light of the liberal pleading rules, particularly with regard to civil rights complaints, we find that Edwards's claim that the California Constitution provides an independent basis for relief was sufficiently pled. Therefore, the district court erred in granting summary judgment on the case in its entirety, and in dismissing it with prejudice, without addressing the claim under the California Constitution.

We therefore affirm the district court's judgment in all respects other than the claim under the California Constitution. In doing so we note that with summary judgment having been granted on the federal claim, the district court on remand should exercise its discretion under 28 U.S.C. § 1367(c) to decide whether to decline supplemental jurisdiction over the sole remaining state claim. *See, e.g., Acri v. Varian Assocs., Inc.,* 114 F.3d 999 (9th Cir.1997) (en banc). Each party shall bear its own costs on appeal.

*AFFIRMED IN PART; REVERSED AND REMANDED IN PART.*