Roxie Darlene McGUIRE,
*Appellant,*

*v.*

JACKSON EDUCATION SERVICE DISTRICT,
aka Jackson Educational Services Dept.,
*Respondent.*

03-3046 L 7; A125769

129 P3d 788

Mark Morrell argued the cause and filed the briefs for appellant.

Kim E. Hoyt argued the cause for respondent. With her on the brief was Garrett, Hemann, Robertson, Jennings, Comstock & Trethewy, P.C.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

PER CURIAM

Edmonds, P. J., concurring.

**PER CURIAM**

Plaintiff brought this wrongful discharge action against her employer, Jackson Education Service District, alleging that defendant discharged her in retaliation for her complaints relating to staffing inadequacies. The trial court granted summary judgment for defendant on alternative grounds: first, that Oregon's whistleblower statute, ORS 659A.203(1)(b) and (2), is an available and adequate statutory remedy that precludes plaintiff's wrongful discharge claim; and second, that plaintiff failed to produce evidence sufficient to permit a jury to find that she was terminated in retaliation for her complaints—that is, that there was a causal connection between her termination and the complaints. Plaintiff appeals, challenging both grounds for the trial court's ruling.

We agree that the trial court erred in concluding that the whistleblower statute precludes plaintiff's wrongful discharge claim in this case. Our recent decision in *Olsen v. Deschutes County*, 204 Or App 7, 127 P3d 655 (2006), is directly on point and holds to the contrary. But the trial court's alternative ground for granting summary judgment in favor of defendant was correct. After oral argument, plaintiff conceded that she presented no evidence that the administrator who discharged her, or the school board in reviewing the discharge decision, had any knowledge or awareness of her protected activities. Under those circumstances, a factfinder could not find the requisite causal link between her termination and her protected conduct. *Estes v. Lewis and Clark College*, 152 Or App 372, 381, 954 P2d 792, *rev den*, 327 Or 583 (1998).

Affirmed.

**EDMONDS, P. J.,** concurring.

Plaintiff appeals after the trial court granted summary judgment to defendant on the ground that her common-law claim of wrongful discharge was abrogated by the legislature's enactment of a statutory remedy for violation of ORS 659A.203, and, alternatively, on the ground that plaintiff failed to raise a genuine issue of material fact as to whether defendant retaliated against her for reporting inappropriate

staff conduct. In *Olsen v. Deschutes County*, 204 Or App 7, 127 P3d 655 (2006), we recently held that the enactment of a statutory remedy for a violation of Oregon's whistleblower statutes did not abrogate the claim of wrongful discharge. I dissented in that case and continue to believe that it was decided incorrectly. Were I writing on a clean slate, I would affirm the judgment of the trial court on the ground that plaintiff's wrongful discharge claim was abrogated by the enactment of an adequate statutory remedy for violation of ORS 659A.203.

In this case, the trial court's alternative ground for summary judgment was correct, *Estes v. Lewis and Clark College*, 152 Or App 372, 381, 954 P2d 792, *rev den*, 327 Or 583 (1998); therefore, I concur.