Kristin RAMSEY, Plaintiff–Appellant,

v.

The CITY OF PHILOMATH, a subdivision of the State of Oregon; Randy Kugler; Kenneth Elwer, Defendants–Appellees.

No. 04–36081.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2006.

Filed May 19, 2006.

David C. Force, Esq., Law Offices of David C. Force, Eugene, OR, for Plaintiff–Appellant.

Janet M. Schroer, Esq., Cecil Reniche–Smith, Esq., Hoffman Hart & Wagner, LLP, Portland, OR, for Defendants–Appellees.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Appellant Kristin Ramsey, a former police clerk for the City of Philomath, Oregon, appeals from the district court's grant of summary judgment dismissing her claims of unlawful retaliation under Or. Rev.Stat. §§ 659A.203 and 659A.230 against Appellees City of Philomath, the City Manager Randy Kugler, and the City Police Chief Kenneth Elwer.

Ramsey first argues that the district court abused its discretion when it retained jurisdiction over her state-law claims after dismissing her federal claims. "The district courts *may* decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (emphasis added). As the word "may" indicates, "a federal district court with power to hear state law claims has discretion to keep, or to decline to keep, them under the conditions set out in § 1367(c)." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). The district court's discretion is "informed by the ... values of economy, convenience, fairness, and comity." *Id.* at 1001 (internal quotations omitted). We conclude that the district court properly considered these values and did not abuse its discretion by retaining supplemental jurisdiction over Ramsey's state law claims.

Ramsey next argues that the district court erred in granting the defendants' motion for summary judgment. We review the district court's grant of summary judgment *de novo*. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000). As a procedural matter, the federal three-part burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) applies to Oregon employment discrimination claims brought in federal court. *See Snead v. Metro. Prop. & Cas. Co.*, 237 F.3d 1080, 1092–93 (9th Cir.2001). At the summary judgment stage, a plaintiff must establish at least a prima facie case in order to avoid summary judgment. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir.1994). To establish a prima facie case of retaliation under Ore-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

gon law, Ramsey must demonstrate that she engaged in statutorily protected activity, that she suffered an adverse employment action, and that there is a causal connection between the protected activity and the employer's action. *See Chase v. Vernam*, 199 Or.App. 129, 110 P.3d 128, 135 (2005); *Stanich v. Precision Body and Paint, Inc.*, 151 Or.App. 446, 950 P.2d 328, 335 (1997).

Ramsey has shown that she engaged in statutorily protected activity by disclosing information which she reasonably believed was evidence of both a "violation of ... law" and an "abuse of authority" by former City Police Chief Russell Hunt. Or. Rev.Stat. § 659A.203(1)(b); *see also* Or. Rev.Stat. § 659A.230(1). Ramsey has also shown that she suffered adverse employment actions of transfer, reduction in work hours, and dismissal. *See* Or.Rev.Stat. § 659A.200(1). Ramsey has failed to show, however, that there is a causal connection between her protected activity and the adverse employment actions.

To establish a causal connection in a "mixed motive" case such as this one, where the plaintiff concedes that the employer's actions may have been motivated by both proper and improper motives, the plaintiff must show that she "would not have [suffered adverse employment actions] but for the unlawful ... motive of the employer." *Hardie v. Legacy Health Sys.*, 167 Or.App. 425, 6 P.3d 531, 537 (2000), *rev. denied.*, 332 Or. 656, 36 P.3d 973 (2001) (internal quotations and citations omitted), *partial supersession on other grounds recognized by Lansford v. Georgetown Manor, Inc.*, 192 Or.App. 261, 84 P.3d 1105, 1114 n. 2 (2004); *see also Chase*, 110 P.3d at 136 (same). Ramsey has failed to make such a showing with respect to any of the adverse employment actions she suffered. *First*, Ramsey's part-time transfer to the City Hall was a consequence of the relocation of the Mu-nicipal Court from the Police Department building to the City Hall, and was planned months before Ramsey engaged in any protected activity. Where the decision to take an adverse employment action is made prior to any protected activity, no factfinder could find the requisite causal link between the employment action and the protected conduct. *Second,* Ramsey provided no evidence showing that her protected activities caused the consolidation of court and utility clerk's duties at the City Hall and the consequent elimination of her part-time court-clerk position. *Third,* Ramsey's weekly police-clerk hours were reduced from 24 to 16 by Police Chief Kenneth Elwer, who, as Ramsey concedes, had no knowledge of Ramsey's protected activities at that time. Where a party has no evidence that the administrator who reduced her hours had any knowledge or awareness of her protected activities, no factfinder could find the requisite causal link between the reduction of hours and the protected conduct. *See McGuire v. Jackson Educ. Serv. Dist.*, 204 Or.App. 429, 129 P.3d 788, 789 (2006). *Finally,* Ramsey's position was ultimately eliminated by the Philomath City Council. Ramsey has provided no evidence showing that her protected activities caused the City Council to eliminate her position.

Finding that Ramsey has failed to establish a prima facie case of retaliation under Oregon law, we AFFIRM the district court's grant of summary judgment.

AFFIRMED.