**Frank MORROW, Jr., Plaintiff— Appellant,**

v.

**CITY OF OAKLAND, Defendant— Appellee.**

**Griselvia Castaneda, Plaintiff— Appellee,**

v.

**Frank Morrow, Jr., Police Officer, Defendant—Appellant,**

**City of Oakland, Defendant—Appellee,**

and

**Dennis Roberts; et al., Defendants.**

**Frank Morrow, Jr., Plaintiff— Appellant,**

v.

**City of Oakland, California; et al., Defendants—Appellees.**

**Nos. 05–15499, 05–17047, 05–17061.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Aug. 28, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frank Morrow, Jr., Discovery Bay, CA, pro se.

Matthew F. Graham, Esq., Aiken, Kramer & Cummins, Rachel Wagner, Esq., Office of the City Attorney, Edwin J. Wilson, Jr., Esq., Erickson Beasley Hewitt & Wilson, LLP, Oakland, CA, for Defendant–Appellee.

Dennis Roberts, Paul Raymond Turley, Law Offices of William G. Panzer, Anthony Todd Wood, Esq., Oakland, CA, for Plaintiff–Appellee.

William G. Panzer, Esq., Law Offices of William G. Panzer, Oakland, CA, for Defendants.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

## MEMORANDUM **

In these three pro se appeals, Oakland police officer Frank Morrow, Jr. appeals from the district court's orders dismissing, pursuant to settlement, Griselvia Castaneda's civil rights action against Morrow and the City of Oakland ("City"), and Morrow's own civil rights actions arising from the handling of Castaneda's complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's interpretation of a settlement agreement, "with due respect for the district court's superior perspective." *Congregation ETZ Chaim v. City of Los Angeles*, 371 F.3d 1122, 1124 (9th Cir.2004). We review for abuse of discretion the district court's decision to enforce a settlement agreement. *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir.2002). We affirm.

■ The district court properly enforced the March 31, 2004 settlement agreement between Castaneda and Morrow and the City ("the *Castaneda* settlement") because Morrow, assisted by counsel of his own choosing, acknowledged and accepted the key terms of the agreement before the settlement judge. *See Doi*, 276 F.3d at 1137–39. For the same reasons, the district court properly enforced the April 20, 2004 settlement agreement between Morrow and the City. There is no support in the plain language of either settlement for Morrow's contention that the *Castaneda* settlement had to be approved by the Oakland City Council within a certain amount of time. *See* Cal. Civ. Code § 1657 ("If no time is specified for the performance of an act required to be performed, a reasonable time is allowed.").

■ The district court properly concluded that the federal claims in Morrow's second action against the City were precluded by both res judicata and the contractual obligations imposed by the settlement of his first action. *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077–83 (9th Cir.2003) (applying elements of res judicata); *Int'l Union of Operating Eng'rs. v. Karr*, 994 F.2d 1426, 1429 (9th Cir.1993)

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(applying res judicata to dismissal pursuant to settlement).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Morrow's state-law claims. *See* 28 U.S.C. § 1367(c)(3) (district court may decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"); *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir.1997) (en banc) (describing factors district court should consider in declining supplemental jurisdiction).

Morrow's remaining contentions lack merit.

The parties shall bear their own costs on appeal.

**No. 05–15499 AFFIRMED.**

**No. 05–17047 AFFIRMED.**

**No. 05–17061 AFFIRMED.**