George ACRI, Plaintiff–Appellant,

v.

VARIAN ASSOCIATES, INC.,
Defendant–Appellee.

No. 95–16666.

United States Court of Appeals,
Ninth Circuit.

Argued En Banc and Submitted
April 24, 1997.

Decided June 12, 1997.

Diane Ritchie, Diane Ritchie & Associates, San Jose, CA, for plaintiff–appellant.

Lynne C. Hermle and Leslie Y. Kimball, Orrick, Herrington, & Sutcliffe, Menlo Park, CA, for defendant–appellee.

Before: HUG, Chief Judge, PREGERSON, BOOCHEVER, REINHARDT, BRUNETTI, O'SCANNLAIN, TROTT, RYMER, T.G. NELSON, TASHIMA, and THOMAS, Circuit Judges.

Opinion by Judge RYMER; Dissent by Judge O'SCANNLAIN.

RYMER, Circuit Judge:

George Acri sued his former employer, Varian Associates, Inc., in California Superior Court, alleging age discrimination claims under both federal and California law, as well as contract claims under California law. The parties are non-diverse, but Varian removed the action to federal court on the basis of Acri's claim under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The district court granted summary judgment on the supplemental state law claims as well as the federal age discrimination claim. Acri appealed only the dismissal of his state law claims.

Neither Acri nor Varian, nor the district court, questioned whether supplemental jurisdiction over the state law claims should be declined pursuant to 28 U.S.C. § 1367(c). Under these circumstances, before enactment of the Judicial Improvements Act of 1990, Pub.L. No. 101–650, § 310(a), 104 Stat. 5089, 5113 (1990) (codified at 28 U.S.C.

§ 1367), we saw no need to consider *sua sponte* whether the district court should have declined to retain jurisdiction to resolve the state law claims. *Schneider v. TRW, Inc.,* 938 F.2d 986, 993–95 (9th Cir.1991). However, two recent opinions can be read to suggest otherwise: *Reynolds v. County of San Diego,* 84 F.3d 1162, 1171 (9th Cir.1996) (apparently considering the question without invitation and directing the district court to dismiss state claims left pending after summary judgment on federal claims), and *Allen v. City of Los Angeles,* 92 F.3d 842, 845 (9th Cir.1996) (stating that with respect to state law cross-claim remaining after verdict on federal claim that "although neither party raised a jurisdictional issue, we examine jurisdiction *sua sponte*").

■■■ We have therefore taken this case en banc to consider the extent to which a federal court is obliged to make a § 1367(c) analysis when no one has asked it to do so. We hold that when there is power to hear the case under § 1367(a),[1] the district court may exercise supplemental jurisdiction over state law claims without *sua sponte* addressing whether it should be declined under § 1367(c).[2] Likewise, we are not required, *sua sponte,* to decide whether the district court abused its discretion under § 1367(c) when neither party has raised the issue.

This is because a federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)—as it has always had under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). That state law claims "*should*" be dismissed if federal claims are dismissed before trial, as *Gibbs* instructs, 383

U.S. at 726, 86 S.Ct. at 1139, 16 L.Ed.2d at 228, has never meant that they *must* be dismissed. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720, 730 n. 7 (1988) (citing *Rosado v. Wyman,* 397 U.S. 397, 405, 90 S.Ct. 1207, 1214, 25 L.Ed.2d 442, 451 (1970)); *Schneider,* 938 F.2d at 993, 995. Even more clearly under the statutory scheme, while courts "shall" have supplemental jurisdiction under § 1367(a), they "may" decline to exercise it under § 1367(c). Thus, while a district court must be sure that it has federal jurisdiction under § 1367(a), once it is satisfied that the power to resolve state law claims exists, the court is not required to make a § 1367(c) analysis unless asked to do so by a party. For the same reason, we are not required to step in *sua sponte* on appeal to undo an unchallenged exercise of supplemental jurisdiction.

In so holding, we join the Seventh Circuit, which is the only circuit squarely to have addressed the issue. In *Myers v. County of Lake,* 30 F.3d 847 (7th Cir.), *cert. denied,* 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994), the court considered whether judges must resolve questions under § 1367(c) without prompting from the parties, and concluded, as we do, that once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary; accordingly, "[b]ecause no one has contested the magistrate judge's decision to exercise supplemental jurisdiction, that is as far as we need go." *Id.* at 850. The D.C. Circuit has also made clear that its rule is the same as ours, for in *Doe by Fein v. District of Columbia,* 93 F.3d 861, 871 (D.C.Cir.1996) (per curiam), it held that while Article III jurisdiction must be consid-

---

1. Section 1367(a), which confers supplemental jurisdiction, provides:
   [T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.
   28 U.S.C. § 1367(a).

2. Section 1367(c) provides that:
   The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.
   28 U.S.C. § 1367(c).

ered *sua sponte,* review of the discretionary aspect to supplemental jurisdiction under § 1367(c) is waived unless raised in the district court. *See also Rodriguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1176–77 (1st Cir.1995) (that supplemental state law claims should be dismissed if federal claims are dismissed at early stage of suit is not compelled by lack of judicial power, but is wholly discretionary); *Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc., Inc.,* 77 F.3d 1063, 1067 (8th Cir.) (distinguishing between the power to exercise jurisdiction over supplemental claims and the advisability of doing so), *cert. denied,* —— U.S. ——, 117 S.Ct. 359, 136 L.Ed.2d 250 (1996).

■ Having said that, we emphasize that actually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility that district courts are dutybound to take seriously. The Supreme Court has stated, and we have often repeated, that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon,* 484 U.S. at 350 n. 7, 108 S.Ct. at 619 n. 7, 98 L.Ed.2d at 730 n. 7. While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values "of economy, convenience, fairness, and comity." *See, e.g., Allen,* 92 F.3d at 846; *Executive Software N. Am. v. United States Dist. Court,* 24 F.3d 1545, 1557 (9th Cir.1994). Given the importance of these values in our federal system, the proper administration of justice is far better served by a deliberative decision than by default.[3]

No matter how much we might have preferred a reasoned consideration of the § 1367(c) factors in this case (as in all cases),

the district court here was not without jurisdiction over the state law claims and was not required to consider *sua sponte* whether to decline to continue to exercise that jurisdiction. Beyond that, we have no *sua sponte* obligation to ensure that the discretionary retention of supplemental jurisdiction, to which no one has objected, was prudent. We overrule suggestions to the contrary in *Reynolds* and *Allen.*

We therefore decline to consider *sua sponte* whether the district court prudently exercised supplemental jurisdiction in this case, and return control to the panel.

O'SCANNLAIN, Circuit Judge, dissenting:

I respectfully dissent from the majority's opinion because I fear it overlooks crucial issues of federalism and comity.

The continued health and success of our federal system demands that the branches of the national government maintain a proper respect for the independent functions of the separate States. Our judicial branch should be particularly sensitive to the impacts of its decisions on state legal systems. While federal courts may be obliged to speak on questions of state law in certain circumstances, we should always be mindful that, absent a strong justification, state law claims belong in state courts. After all, "the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971).

The Supreme Court has instructed that the exercise of supplemental jurisdiction should be rare when all federal claims have been dismissed before trial. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139–40, 16 L.Ed.2d 218 (1966). The *Gibbs* admonition is particularly perti-

**3.** *If* a district court's discretion under § 1367(c) is invoked, either by a party asking for dismissal of state claims or on its own initiative, we will continue to expect that reasons be given for the decision to decline to exercise supplemental jurisdiction. *Executive Software,* 24 F.3d at 1561. By the same token, we do not intend this opinion to affect the law of the circuit on application of § 1367(c) in any respect other than the limited one we deal with today: making sure that *Reynolds* and *Allen* are not misunderstood as imposing an obligation on federal courts *sua sponte* to conduct a § 1367(c) analysis whenever any of its factors is implicated.

nent here where a federal court without diversity jurisdiction is being asked to decide claims based wholly and exclusively on state law, having dismissed the federal cause of action by summary judgment. State courts are the proper fora for those claims, and the federal courts should stay out of the fray unless there is a reason for them to jump in—that is, unless "values of judicial economy, convenience, fairness, and comity" would be served thereby. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988).

The majority essentially ignores what the Supreme Court has long required of federal courts exercising supplemental jurisdiction—that the court consider the prudential factors discussed in *Gibbs* and *Carnegie–Mellon.* In my view, principles of comity and federalism demand consideration of these factors each time a district court confronts claims brought under its supplemental jurisdiction. The federal nature of our Union, and the commands of *Gibbs* and *Carnegie–Mellon,* matter no less when the parties, for whatever self-serving reasons, fail to object to the exercise of supplemental jurisdiction.

Notwithstanding *Executive Software North America, Inc. v. United States Dist. Court,* 24 F.3d 1545 (9th Cir.1994), I do not think 28 U.S.C. § 1367 changes this analysis, or the way federal courts should approach supplemental jurisdiction. And I am not alone in my belief that Congress endorsed and codified *Gibbs*'s first factor in 28 U.S.C. § 1367(c)(3). *See Borough of W. Mifflin v. Lancaster,* 45 F.3d 780, 788 (3d Cir.1995) ("Section 1367(c) ... was intended simply to codify the preexisting pendent jurisdiction law, enunciated in *Gibbs* and its progeny") (quoting H.R.Rep. No. 416, 1990 U.S.C.C.A.N. 6802, 6875); *Brazinski v. Amoco Petroleum Additives Co.,* 6 F.3d 1176, 1182 (7th Cir.1993) (Posner, J.) (§ 1367(c)(3) is intended to codify rather than alter existing judge-made principles); *Moore's Federal Practice 3d* § 106.66[1].

Because sensitive issues of federalism are involved, and because there are strong reasons to discourage the exercise of supplemental jurisdiction when one of the conditions of § 1367(c) is met, district courts should consider *sua sponte* whether to exercise supplemental jurisdiction. Likewise, when the district court fails to address whether a claim should be in the federal courts at all, the appellate court should raise the question on its own. In my view, a proper respect for the authority of the States and a recognition of our own limitations requires this conclusion.

As a corollary, we should certainly not make effectively unreviewable the district court's decision to retain jurisdiction absent a preserved objection. "While it is clear that *Gibbs* commits the determination of whether to exercise pendent jurisdiction to the sound discretion of the district court, it is equally clear that we must review the district court's determination for an *abuse* of that discretion." *Schneider v. TRW, Inc.,* 938 F.2d 986, 997 (9th Cir.1991) (O'Scannlain, J., dissenting).

I fear that the majority's opinion may incite increasing numbers of litigants to file their state claims in federal court (along with a marginal federal claim) with the hope that their opponents will not object. The resulting burden on the already overloaded dockets of our federal district courts, to say nothing of the heightened tension in federal-state relations, is too high a price to pay for the bright line rule we create today.

I respectfully dissent.