124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred HAWARA, an individual dba Q-20 Liquor-Mart, Hadwa
Hawara, individual dba Q-20 Liquor-Mart; Suheil
Hawara, dba Desert View Superette,
Plaintiffs-Appellants,
v.
MTC DISTRIBUTING, a California Corporation; Sean Cory,
Defendants-Appellees.
 No. 96-56619.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-96-02895-DT; Dickran M. Tevrizian, District Judge, Presiding
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Fred, Hadwa and Suheil Hawara appeal the district court's dismissal of their 42 U.S.C. § 1983 action alleging that MTC Distributing ("MTC") improperly seized the Hawaras's property pursuant to a writ of attachment issued after an ex parte hearing by a California Superior Court.[1]
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed.R.Civ.P. 12(b)(6) and may affirm on any basis fairly supported by the record. See Kimes v. Stone, 84 F.3d 1121, 1126 (9th Cir.1996).
 
 
 4
 To the extent that the Hawaras challenged the constitutionality of the California prejudgment attachment procedure MTC used to get a court order after an ex parte hearing, the district court erred by determining that the Hawaras failed to state a claim under § 1983.[2] See Lugar v. Edmondson Oil Co., 457 U.S. 922, 941-42 (1982).
 
 
 5
 The Hawaras's § 1983 claims should be dismissed, however, because we find constitutional Cal. Civ. Proc. § 485.010 (West 1988), which requires that a creditor show that property would be concealed, substantially impaired in value, or made unavailable to levy, in order to get a writ of attachment ex parte. See Connecticut v. Doehr, 501 U.S. 1, 16 (1991) (recognizing that prejudgment attachment without notice would be permitted upon showing of exigent circumstances that would render property unavailable to satisfy a judgment); compare Randone v. Appellate Dept. of Superior Court of Sacramento County, 488 P.2d 13, 31-32 (Cal.1971) (invalidating portion of predecessor to California prejudgment attachment statute, but stating that attachment before notice would be constitutionally valid in exceptional cases upon proof of actual risk of concealment or abscondence) with Western Steel and Ship Repair, Inc. v. RMI, Inc., 222 Cal.Rptr. 556, 560-61 (Cal.Ct.App.1986) (holding that California ex parte prejudgment attachment procedure meets concerns of Randone ).[3]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Hawaras do not appeal the district court's dismissal of the racketeering cause of action under 18 U.S.C. § 1962(b) (1988)
 
 
 [2]
 The Hawaras failed to state a claim under § 1983 to the extent that they alleged misuse or abuse of the statute. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 941-42 (1982)
 
 
 [3]
 Having dismissed the Hawaras's federal claims, the district court had the discretion to dismiss the supplemental state law claims without prejudice to the Hawaras's right to refile them in state court under 28 U.S.C. § 1367(c). See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.1997) (en banc)