141 F.3d 1173
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Amaechi AKPA, Plaintiff-Appellant,
v.
STATE of Idaho; Boise State University; Robert Sims;
James Weatherby; David Patton, Defendants-Appellees.
 No. 97-35657.
D.C. No. CV-93-00087-EJL.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the District of Idaho Edward J. Lodge, Chief Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Amaechi Akpa, a former graduate student at Boise State University ("the University"), appeals pro se the district court's grant of summary judgment to defendants in Akpa's 42 U.S.C. § 1983 action challenging his expulsion from the University. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the grant of summary judgment, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 Akpa contends that the district court erred by granting defendants summary judgment on Akpa's claims that his substantive and procedural due process rights had been violated. This contention lacks merit for the reasons set out in the magistrate judge's opinion entered March 10, 1994.[1]
 
 
 4
 Akpa contends that the district court erred by declining to exercise jurisdiction over Akpa's state law claims. This contention lacks merit because the district court had the power to decline supplemental jurisdiction over Akpa's state law claims in keeping with the provisions of 28 U.S.C. § 1367(c). See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir.1997)(en banc).
 
 
 5
 Finally, Akpa contends that the district court erred by denying his requests for production of documents. This contention lacks merit.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Akpa contends that, in light of an alleged verbal agreement between the University defendants and himself, the University acted arbitrarily in refusing to permit him to submit a second thesis, this contention lacks merit for the reasons set out in the magistrate's opinion entered March 10, 1994