Neva Darlene HUMPHREY,
Plaintiff—Appellant,

v.

LANE COUNTY, acting through the LANE COUNTY SHERIFF'S OFFICE; E. Collins, Deputy, Defendants—Appellees.

No. 00–36036.

D.C. No. CV–99–06222–TC.

United States Court of Appeals,
Ninth Circuit.

Submitted May 10, 2002.*

Decided May 16, 2002.

Before TROTT, T.G. NELSON, Circuit Judges, and RHOADES,** District Judge.

## MEMORANDUM ***

Neva Darlene Humphrey appeals the district court's grant of summary judgment in favor of the individual defendants, Deputy E. Collins, Sergeant Matt Keetle and Deputy Andrea Larsen, in Humphrey's 42 U.S.C. § 1983 action alleging that defendants violated her Fourth Amendment rights when Collins wrongfully entered her house without a warrant, damaging a wall and door in the process. Humphrey disputes the district court's findings that defendants were entitled to the defense of qualified immunity, contending that: (1) the emergency doctrine was clearly established so as to give the defendants fair warning that their conduct was unconstitutional; and (2) under this clearly established law, no police officer under the circumstances could have reasonably believed that the defendants' conduct was constitutional.

The law regarding the emergency doctrine was not clearly established at the time in question, and thus we do not reach whether it was reasonable for defendants to believe their conduct—a warrantless entry into Humphrey's home pursuant to a

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

welfare check—was constitutional. We affirm.

We review the district court's grant of qualified immunity de novo. *Trevino v. Gates*, 99 F.3d 911, 916 (9th Cir.1996), *cert. denied*, 520 U.S. 1117, 117 S.Ct. 1249, 137 L.Ed.2d 330 (1997). A grant of summary judgment is also reviewed de novo. *Id.; Delta Sav. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 816, 151 L.Ed.2d 700 (2002). Our review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). *Delta Sav. Bank*, 265 F.3d at 1021. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

In order to hold an official liable for violating an individual's constitutional rights, " 'the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.' " *Reynolds v. County of San Diego*, 84 F.3d 1162, 1166–67 (9th Cir.1996), *overruled in part on other grounds by Acri v. Varian Assocs.*, 114 F.3d 999 (9th Cir.1997) (citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). Moreover, viewed in light of pre-existing law, the unlawfulness of the official action must be apparent. *Id.* at 1167 (citing *Anderson*, 483 U.S. at 640). Here, there is no dispute regarding the threshold issue that "taken in the light most favorable to the party asserting the injury ... the facts alleged show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *see also Headwaters Forest*

*Def. v. County of Humoldt*, 276 F.3d 1125, 1129 (9th Cir.2002). The next step in determining whether an official is entitled to qualified immunity is to conduct a two-part analysis: "(1) We consider whether the law governing the official's conduct was clearly established. If it was not clearly established, the official is entitled to immunity from suit. (2) If the law was clearly established, we proceed to ask if under that law, a reasonable official could have believed the conduct was lawful." *Somers v. Thurman*, 109 F.3d 614, 617 (9th Cir.), *cert. denied*, 522 U.S. 852, 118 S.Ct. 143, 139 L.Ed.2d 90 (1997) (citing *Act Up!/Portland v. Bagley*, 988 F.2d 868, 871 (9th Cir. 1993)).

To determine if the law is clearly established, we "survey the legal landscape" and examine those cases most like the present case. If there is no binding precedent,[1] we look at "all available decisional law." *Trevino*, 99 F.3d at 917 (internal quotation marks and citations omitted).

Here, the law in question is the emergency doctrine exception to the Fourth Amendment's warrant requirement. On February 4, 1999, the date of the warrantless entry in the present case, we had not yet adopted the *Cervantes* three-part test, justified as part of police officers' community caretaking function to respond to emergency situations rather than as part of their function as criminal investigators, for determining if there is an emergency permitting a warrantless entry. *See United States v. Cervantes*, 219 F.3d 882, 889 (9th Cir.2000), *cert. denied*, 532 U.S. 912, 121 S.Ct. 1242, 149 L.Ed.2d 150 (2001). In fact, the *Cervantes* court repeated this uncertainty, stating (before adopting the three-part test) that "[t]he question remains ... whether we should adopt the

---

**1.** In the district court, Humphrey agreed that there was no binding Ninth Circuit precedent

defining the contours of the emergency doctrine at the time of the warrantless entry.

*Mitchell* test or some other formulation of the emergency doctrine." *Id.* at 890.

After conducting a detailed analysis of similar cases that were part of the legal landscape at the time in question, the district court determined that there is a wide diversity of cases in this area that have arrived at different results. *See generally Wood v. Ostrander,* 879 F.2d 583, 595 (9th Cir.1989), *cert. denied,* 498 U.S. 938, 111 S.Ct. 341, 112 L.Ed.2d 305 (1990). We agree.

**AFFIRMED.**