Beverly Ann HOLLIS–ARRINGTON,
Plaintiff–Appellant,

v.

CENDANT MORTGAGE
CORPORATION; et al.,
Defendants–Appellees,

and

Attorneys Equity National Corporation,
Defendant.

No. 02–56280.

D.C. No. CV–01–05658–CBM.

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2003.*

Decided April 17, 2003.

Before BROWNING, RYMER, and
KLEINFELD, Circuit Judges.

MEMORANDUM**

Beverly Ann Hollis–Arrington appeals
pro se the district court's judgment dis-
missing, for failure to state a claim, her
action alleging that Cendant Mortgage
Corporation and the Fannie Mae Corpora-
tion violated the Racketeer Influenced and
Corrupt Organizations Act ("RICO"), 18
U.S.C. §§ 1962(c) and (d), and federal
lending laws by conspiring to issue mort-
gage loans to unqualified borrowers so
that Cendant could acquire the properties

by foreclosure. We have jurisdiction pur-
suant to 28 U.S.C. § 1291. We review de
novo, *Williamson v. Gen. Dynamics Corp.,*
208 F.3d 1144, 1149 (9th Cir.2000), and we
affirm.

The district court properly dismissed
Hollis–Arrington's RICO claims because
the conclusory allegations in her second
amended complaint did not set forth the
requisite pattern of racketeering activity
involving more than one transaction. *See
Howard v. America Online, Inc.,* 208 F.3d
741, 746 (9th Cir.2000).

The district court properly dismissed
with prejudice Hollis–Arrington's claim
pursuant to the Truth in Lending Act, 15
U.S.C. § 1635, because she failed, as a
matter of law, to present a legal basis for
this claim. *See Henderson v. City of Simi
Valley,* 305 F.3d 1052, 1055 (9th Cir.2002).

The district court properly set aside the
clerk's entry of default against Fannie Mae
because Fannie Mae had timely responded
by filing a motion to dismiss Hollis–Ar-
rington's complaint. *See O'Connor v. Ne-
vada,* 27 F.3d 357, 364 (9th Cir.1994).

The district court did not abuse its dis-
cretion by exercising supplemental juris-
diction over Hollis–Arrington's pendent
state law claims. *See Acri v. Varian As-
socs., Inc.,* 114 F.3d 999, 1000 (9th Cir.
1997) (en banc).

The district court did not abuse its dis-
cretion by denying Hollis–Arrington's mo-
tion to recuse the presiding judge. *See* 28
U.S.C. § 144; *Leslie v. Grupo ICA,* 198
F.3d 1152, 1160 (9th Cir.1999).

We decline to consider issues raised for
the first time on appeal. *See Barcamerica*

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

*Int'l. USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 595, n. 6 (9th Cir.2002).

Hollis–Arrington's remaining contentions lack merit.

We deny all pending motions.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.