**Charito Frias HANCOCK; John W. Hancock, Plaintiffs— Appellants,**

v.

**WALT DISNEY WORLD INCORPORATED, dba Disneyland Hotel; Hotel Employees and Restaurant Employees Union Local 681, Defendants—Appellees.**

No. 03–55143.

D.C. No. CV–02–05206–PA.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted April 8, 2005.*

Decided April 20, 2005.

Charito Frias Hancock, Anaheim, CA, pro se.

John W. Hancock, Anaheim, CA, pro se.

Rachelle Singer, Esq., David Stitz, Esq., Daehnke & Cruz, Irvine, CA, J. Thomas Bowen, Esq., Davis, Cowell & Bowe, LLP, San Francisco, CA, for Defendants—Appellees.

Before SCHROEDER, Chief Judge, PREGERSON, and TROTT, Circuit Judges.

MEMORANDUM **

Charito Frias Hancock and her husband, John Hancock ("plaintiffs") appeal pro se the district court's dismissal of their complaint against Walt Disney World Company and Hotel Employees and Restaurant Employees Union Local 681, as well as the court's decision not to award sanctions

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

against the defendants for violations of the local rules. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a dismissal on statute of limitations grounds. *Ventura Mobilehome Comm. Owners Ass'n v. City of San Buenaventura*, 371 F.3d 1046, 1050 (9th Cir.2004). We review for abuse of discretion a district court's decision not to retain supplemental jurisdiction over state claims. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1187 (9th Cir.2001). We review the district court's choice of sanctions for violation of the local rules for abuse of discretion. *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1106 (9th Cir.1999).

■ Those claims arising under arising under § 301 of the Labor Management Relations Act are governed by the six-month statute of limitations of § 10(b) of the National Labor Relations Act. *DelCostello v. Teamsters*, 462 U.S. 151, 155, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). That six-month period began to run on June 8, 2001, when Mrs. Hancock received notice that the Union would not pursue her grievance and that Disney considered the matter closed. *See Zuniga v. United Can Co.*, 812 F.2d 443, 448–49 (9th Cir.1987) (concluding that the cause of action accrues when a union member learns that the union will not further pursue the member's grievance). Mrs. Hancock's further attempts to gain assistance from the Union do not alter this conclusion. *See id.* at 447–49 (holding that the action accrued when the member was informed that the union would no longer pursue the grievance even though subsequently an internal union appeal process was pursued). The filing of the claims arising under § 301 of the Labor Management Relations Act on March 15, 2002, was therefore untimely and properly dismissed as time-barred.

Moreover, the district court properly found that the federal claims preempted those state-law claims that "require[d] the interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). Having correctly dismissed those claims with prejudice, the district court properly declined to retain supplemental jurisdiction over plaintiffs' remaining state law causes of action and dismissed them without prejudice. *See* 28 U.S.C. § 1367(c); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (stating that district court should dismiss state law claims when all federal claims have been dismissed).

■ In addition, the district court did not err when it dismissed with prejudice the causes of action alleging falsification of records under the Employee Retirement Income Security Act, 29 U.S.C. § 1141, and the Fair Labor Standards Act, 29 U.S.C. § 211, because there is no private right of action for these federal claims.

Finally, the court did not abuse its discretion by declining to award sanctions for the defendants' violation of the local rules prohibiting ex parte communications. The court reprimanded the defendants for their violation, and noted also that the violation had resulted in no harm to the plaintiffs. This decision was proper.

Plaintiffs' contention regarding judicial bias is meritless, and the remaining contentions also are without merit.

AFFIRMED.