**Estate of Aaron KELLER; Grant Keller; Mary Elizabeth Keller, Plaintiffs–Appellants,**

v.

**State of CALIFORNIA; California Highway Patrol; County of Los Angeles; Los Angeles County Sheriff's Department, Defendants–Appellees.**

No. 05–56391.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2007.

Filed June 20, 2007.

Robert B. Amidon, Esq., Burbank, CA, for Plaintiffs–Appellants.

Karen S. Darling, Esq., Office of the California Attorney General, Jennifer A.D. Lehman, Esq., Office of the County Counsel, Los Angeles, CA, for Defendants–Appellees.

Before: D.W. NELSON, REINHARDT, and RYMER, Circuit Judges.

MEMORANDUM *

Grant and Elizabeth Keller ("the Kellers") brought federal and state claims against the California Highway Patrol and two of its officers (collectively "State Defendants"), as well as the County of Los Angeles and the Los Angeles Sheriff's Department (collectively "County Defendants"), following the death of their son, Aaron Keller. Aaron's death resulted from a high-speed chase in which a fleeing suspect's vehicle collided with the vehicle Aaron was driving. The district court dismissed all claims, and we affirm.

First, it is well established that under the Eleventh Amendment "an unconsenting State is immune from suits brought in federal courts by her own citizens." *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). It is also clear that a state agency and its officers, when sued in their official capacity, are entitled to immunity from suit. *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir.2002). Because the Kellers brought claims against the California Highway Patrol—a state agency—and its officers, in their official capacity, immunity clearly applies. The Kellers did not name the task force as a defendant, therefore its reliance on our decision in *Hervey v. Estes*, 65 F.3d 784 (9th Cir.1995), is misplaced.

Second, in *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), the United States Supreme Court made clear that a police officer engaged in a high-speed pursuit can be held civilly liable for violating an individual's substantive due process rights only when the officer's conduct shocks the conscience. *Id.* at 836, 118 S.Ct. 1708. The Court explained that "only a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Id.* The Kellers failed to allege that any of the officers involved in the pursuit intended to harm someone. Thus,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

they failed to satisfy the strict standard established in *Lewis*.

Third, because the Kellers failed to allege sufficiently a claim under 42 U.S.C. § 1983, the district court did not err in dismissing their state law claims. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir.1997) (en banc).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.