**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUSSEIN S. HUSSEIN, | No. 08-15485 |
| Plaintiff - Appellant, | D.C. No. 3:06-CV-00585-RLH-RAM |
| and | |
| JEFFREY A. DICKERSON, | MEMORANDUM[*] |
| Counsel - Appellant, | |
| v. | |
| JOHN FREDERICK; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Hussein S. Hussein appeals pro se from the district court's orders dismissing

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his 42 U.SC. § 1983 action alleging constitutional and state law violations against the Nevada System of Higher Education and its employees ("NSHE"), and NSHE's lawyers. Jeffrey A. Dickerson, Hussein's former counsel, appeals pro se from the district court's orders awarding attorney's fees as a sanction under Fed. R. Civ. P. 11 and the court's inherent powers. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We review for an abuse of discretion the imposition of sanctions. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 55 (1991). We affirm.

The district court properly granted NSHE's lawyers' motion to dismiss because the complaint contained only conclusory allegations that the lawyers had conspired with government officials. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (conclusory allegations that private lawyer conspired with government officials were insufficient to establish that lawyer was state actor for purposes of § 1983).

The district court did not abuse its discretion by retaining supplemental jurisdiction over Hussein's state law claims against NSHE's lawyers. *See Acri v. Varian Assocs.*, 114 F.3d 999, 1000 (9th Cir. 1997). We affirm the dismissal of the state law claims against NSHE's lawyers for the reasons set forth in the district

court's order entered on April 3, 2007.

The district court did not abuse its discretion by granting NSHE's motion for terminating sanctions. *See Televideo Sys. Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (per curiam) ("Courts have inherent equitable powers to dismiss actions for . . . abusive litigation practices."). The district court's findings that Appellants acted willfully and in bad faith in filing the complaint, including to circumvent a court order in another case and to harass and intimidate witnesses, were not clearly erroneous and support the sanction of dismissal under the court's inherent powers. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958-61 (9th Cir. 2006) (setting forth clear error standard for factual findings and affirming sanction of dismissal with prejudice under inherent powers).

Finally, the district court did not abuse its discretion by awarding attorney's fees against Dickerson as a sanction under Rule 11 and its inherent powers. *See Chambers*, 501 U.S. at 55-58 (affirming award of attorney's fees under inherent powers); *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (affirming award of attorney's fees under Rule 11 for filing a baseless complaint without reasonable and competent inquiry).

Appellants' remaining contentions are unpersuasive.

**AFFIRMED**.