MEMORANDUM **
Plaintiff, Insook Kim (Kim), individually and as a successor in interest to decedent Aziz James (James), appeals from the dis *782 trict court’s summary judgment in favor of the defendants in her action alleging that the defendants violated James’ Fourth Amendment rights when they used deadly force against him and failed to provide medical care after shooting him.
1. No reversible error exists regarding Kim’s evidentiary objections. The district court expressly stated in its summary judgment findings that it considered Kim’s evidentiary objections, but that “even if decided in her favor, [the disputes] do not ultimately impact the holding of this case.” See United States v. Layton, 767 F.2d 549, 554 (9th Cir.1985) (discussing the deference afforded evidentiary rulings made by trial courts).
2. The district court analyzed the totality of the circumstances viewing the facts in the light most favorable to Kim. Even so, no material issue of fact emerged, warranting entry of summary judgment in favor of the defendants on Kim’s excessive force claim. See Wilkinson v. Torres, 610 F.3d 546, 551 (9th Cir.2010). The undisputed facts, even in the light most favorable to Kim, established that James had jumped through two windows, was armed with a six-inch knife, had stabbed two victims, had barricaded himself in a stranger’s home, and was unresponsive to the officers’ commands. In addition, James was actively resisting arrest by barricading the bedroom door with his feet. See Liberal v. Estrada, 632 F.3d 1064, 1079 (9th Cir.2011) (listing factors). Although the officers could have waited indefinitely to take James into custody, they were not required to do so. See Miller v. Clark, 340 F.3d 959, 961 (9th Cir.2003) (approving a five-second lapse between the warning and use of a canine). Considering the totality of these circumstances, the use of a canine to obtain compliance was a reasonable use of force. See id. at 965-968.
Once James stabbed the canine and leaned toward the officers with the knife, the situation instantly transformed into a potentially deadly encounter. Faced with a knife-wielding suspect, the officers were justified in their use of deadly force. See Reynolds v. County of San Diego, 84 F.3d 1162, 1168 (9th Cir.1996), overruled on other grounds in Acri v. Varian Assoc. Inc., 114 F.3d 999, 1000 (9th Cir.1997) (en banc).
3. The district court also properly granted the defendants’ motion for summary judgment regarding the medical indifference claim. Although Kim makes a conclusory argument that the defendants knew or should have known by James’ actions that he needed medical attention, there is no evidence in the record to support her assertion. “[A plaintiffs] conclu-sory allegations unsupported by factual data are insufficient to defeat ... [defendant's summary judgment motion.” Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 922 (9th Cir.2001) (citation omitted); see also Billington v. Smith, 292 F.3d 1177, 1189 (9th Cir.2002) (“[E]ven for summary judgment purposes, the fact that an expert disagrees with the officer’s actions does not render the officer’s actions unreasonable.”) (footnote reference and internal quotation marks omitted). Additionally, it is undisputed that the cause of death was a gunshot wound to the head and no amount of medical assistance would have saved James’ life.
4. The district court did not err in granting summary judgment in favor of the defendants regarding Kim’s claim of deprivation of familial relations. We “recognize that parents have a ... liberty interest in the companionship and society of their children[,]” and that “[official conduct that shocks the conscience in depriving parents of that interest” violates due process. Wilkinson, 610 F.3d at 554 (citations and internal quotation marks omitted). Unfortunately, the situation at issue in this case quickly escalated, culminating in a tragic outcome. Nevertheless, the *783 defendants’ use of force, although lethal, does not shock the conscience. See id.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.