RAWLINSON, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the Plaintiff failed to adequately support her substantive due process claim. I also agree that the district court properly granted summary judgment in favor of the Defendants. I therefore join Section II.B.2. of the majority opinion. However, I disagree with the balance of the majority opinion because the record does not raise a material issue of fact regarding the amount of force used in this case, even after applying the decision of the California Supreme Court. See Hayes v. County of San Diego, 57 Cal.4th 622, 160 Cal.Rptr.3d 684, 305 P.3d 252 (2013).
Before resolving the legal issues in this case, it is appropriate to focus on the facts and the circumstances the officers encountered upon arrival at the scene. The impetus for the officers’ response was a call from a neighbor who reported hearing screaming from the house where the decedent Shane Hayes resided. Hayes’ girlfriend advised Deputy King that she and Hayes had been arguing. When the two officers entered the residence, it was so dimly lit that Deputy King was forced to use his flashlight. Hayes was located approximately eight feet from Deputy King. When Deputy King ordered Hayes to show his hands, Hayes revealed a large knife in his raised right hand, with the tip pointed downward. At the same time, Hayes was steadily advancing toward Deputy King. Only four seconds elapsed between the time Deputy King ordered Hayes to show his hands and the shooting, with no cessation of Hayes’ forward advance. Indeed, it is undisputed that Hayes continued to advance toward Deputy King with the knife raised. Hayes’ girlfriend described Hayes as having a “clueless” expression on his face as he continued to advance. Deputy King testified that he shot Hayes “[b]e-cause [Hayes] wasn’t stopping.” At the hearing on the summary judgment motion filed by the County, the Plaintiff did not challenge the officers’ testimony regarding the sequence of events. Her only challenge was to the location of the knife once Hayes fell to the floor upon being shot, which challenge did not raise a material issue of fact.
This case is similar to Reynolds v. County of San Diego, 84 F.3d 1162, 1170 (9th Cir.1996), overruled on a different ground in Acri v. Varian Associates, 114 F.3d 999, 1000 (9th Cir.1997). As in this case, the deceased in Reynolds “was behaving in a strange manner and wielded a knife ...” Id. In Reynolds, we reiterated the United States Supreme Court’s holding that the use of deadly force by a police officer is reasonable so long as the officer “has probable cause to believe that the [person against whom the force is used] poses a significant threat of death or serious physical injury to the officer ...” Id. at 1167. We also noted the Supreme Court’s caution that in making that determination, we must be ever mindful that what we view at our leisure with the perspective of 20-20 hindsight often occurs in rapid sequence. See id.
As commonly happens in deadly force cases, the events in this case unfolded rapidly within a dimly lit, confined space. *1238 By Hayes’ girlfriend’s account, Hayes kept coming toward Deputy King in a small space with an expression on his face “like nothing’s working upstairs.” Faced with a steadily advancing Hayes wielding a large knife, the officer had probable cause to believe that his life was in danger. See Reynolds, 84 F.3d at 1167. As our precedent makes clear, an officer need not wait for the assailant to strike a blow before acting to ensure his safety and the safety of others. See Smith v. City of Hemet, 394 F.3d 689, 704 (9th Cir.2005) (en banc) (“[W]here a suspect threatens an officer with a weapon such as a gun or a knife, the officer is justified in using deadly force.”) (citations omitted); see also Blanford v. Sacramento County, 406 F.3d 1110, 1115-16 (9th Cir.2005).
The majority opinion remands the case to the district court for a determination of whether the Plaintiff may maintain a sur-vivorship action. However, in my view, regardless of whether Plaintiff may maintain an action, no excessive force was used by Deputy King. Rather than remanding the case to the district court, I would affirm the district court’s ruling that no excessive force was used.
The opinion of the California Supreme Court does not alter my view of this case because that court simply reiterated our obligation to resolve the excessive force claim by reviewing the totality of the circumstances, rather than by dissecting the analysis into separate considerations of preshooting conduct and shooting conduct. See Hayes, 160 Cal.Rptr.3d 684, 305 P.3d at 256-57 (explaining that the issue certified erroneously “focuse[d] in isolation on events that preceded the shooting” rather than considering those events as part of the “totality of circumstances”). “[T]he pre-shooting conduct is only relevant here to the extent it shows, as part of the totality of circumstances, that the shooting itself was negligent....” Id., 160 Cal. Rptr.3d 684, 305 P.3d at 257. The California Supreme Court expressly disavowed any intent to resolve the issue of liability “on the facts presented.” Id., 160 Cal. Rptr.3d 684, 305 P.3d at 254. Rather, it left that matter to “the federal courts [to resolve].” Id. However, the California Supreme Court expressly acknowledged that the “nation’s high court has observed [that] the reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.” Id., 160 Cal.Rptr.3d 684, 305 P.3d at 258 (quoting Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)) (alteration and internal quotation marks omitted).
In addition [under California law], as long as an officer’s conduct falls within the range of conduct that is reasonable under the circumstances, there is no requirement that he or she choose the most reasonable action or the conduct that is the least likely to cause harm and at the same time the most likely to result in the successful apprehension of a violent suspect, in order to avoid liability for negligence.
Id., 160 Cal.Rptr.3d 684, 305 P.3d at 258 (quoting Brown v. Ransweiler, 171 Cal. App.4th 516, 537-38, 89 Cal.Rptr.3d 801 (2009)).
The California Supreme Court took care to eschew any “suggestion] that a particular preshooting protocol (such as a background check or consultation with psychiatric experts) is always required.” Id. Instead, the court recognized that “[l]aw enforcement personnel have a degree of discretion as to how they choose to address a particular situation.” Id. Finally, the California Supreme Court observed that summary judgment in favor of the defendants on the negligence claim would be appropriate if the district court, *1239 after viewing the facts in the light most favorable to the plaintiff, determined that “no reasonable juror could find negligence.” Id. (citing Hernandez v. City of Pomona, 46 Cal.4th 501, 94 Cal.Rptr.3d 1, 207 P.3d 506, 521 (2009)).
In my view, the district court in its analysis touched all the bases laid out by the California Supreme Court. As the district court noted, the facts were undisputed. See District Court Opinion, p. 9. Taking those undisputed facts, the district court analyzed the excessive force claim by “contemplating] whether the totality of circumstances ” justified the amount of force used. Id. (emphasis added). Although the district court stated that it need not consider the pre-shooting conduct in its analysis, it nevertheless addressed that conduct and found that inclusion of the pre-shooting circumstances would not change the outcome. See id. at n. 3. Citing Tennessee v. Garner, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), the district court concluded that under the totality of the factual circumstances, including the pre-shooting circumstances discussed in note 3, “it was objectively reasonable for the Deputies to conclude that Mr. Hayes posed a significant threat of death or serious physical injury to themselves or others. Accordingly, their use of deadly force was reasonable and did not violate the Fourth Amendment.” District Court Opinion, p. 10.
The district court incorporated its reasoning regarding the Fourth Amendment excessive force claim into the state law negligence claim, after noting that the California negligence standard “mirrors the reasonableness inquiry under the Fourth Amendment.” Id. at 11 (citing Brown, 171 Cal.App.4th at 534, 89 Cal.Rptr.3d 801). The district court concluded: “As set out above, Deputies King and Geer’s use of deadly force did not violate the Fourth Amendment’s reasonableness requirement. It necessarily follows that their use of deadly force was not negligent.” Id. at 11.
I cannot imagine how or why the district court would proceed any differently on remand. Perhaps the discussion of the pre-shooting conduct would be lifted from the footnote and inserted into the text. But I am convinced that the outcome would not and should not change. On these undisputed facts and considering the totality of the circumstances, the district court correctly concluded that no constitutional violation occurred. I would affirm in its entirety the district court’s entry of summary judgment in favor of the defendants. I respectfully dissent.