**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAN SUI, an individual; PEI-YU YANG, an individual, <br><br>      Plaintiffs - Appellants, <br><br>   v. <br><br> SOUTHSIDE TOWING, a California Company; DAVID PADUA, an individual, <br><br>      Defendants - Appellees, <br><br>   And <br><br> RICHARD RODRIGUES, an individual, <br><br>      Defendant. | No. 12-56313 <br><br> D.C. No. 8:10-cv-01973-JAK-AJW <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted June 25, 2014[**]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Plaintiffs Yan Sui and Pei-Yu Yang appeal pro se from the district court's judgment dismissing their 42 U.S.C. § 1983 action alleging that a private towing company and its agents violated plaintiffs' constitutional rights and federal and state law. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 811-12 (9th Cir. 2010), and we affirm.

The district court properly dismissed plaintiffs' § 1983 claims because plaintiffs failed to allege facts in their amended complaint sufficient to show that defendants were acting under color of state law. *See id*. at 812, 815 (state action is a required element of a § 1983 claim, and mere fact that a private entity performs a function that serves the public does not make its acts state action); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties do not generally act under color of state law for § 1983 purposes).

The district court properly dismissed plaintiffs' claim under the Fair Credit Reporting Act ("FCRA") because plaintiffs cannot bring a private action under 15 U.S.C. § 1681s-2(a) and plaintiffs failed to allege facts in their amended complaint sufficient to show that they notified a consumer reporting agency about the dispute under § 1681s-2(b). *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147,

1154 (9th Cir. 2009) (under the FCRA, 15 U.S.C. § 1681s-2(a) does not create a private right of action and the duties under § 1681s-2(b) arise only after the furnisher of financial information receives notice of the consumer's dispute from a credit reporting agency).

The district court properly declined to exercise supplemental jurisdiction over plaintiffs' state law claim after dismissing their federal claims. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (district court has discretion to keep, or decline to keep, state law claims under conditions set forth in § 1367(c)).

Plaintiffs' contentions concerning the denial of their motion for default judgment and dismissal without leave to amend are unpersuasive.

**AFFIRMED.**