**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A-WORLD TRADE, INC., | No. 21-55262 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01032-SB-MAA |
| v. | |
| APMEX, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted March 18, 2022
San Francisco, California

Before: CHRISTEN and BRESS, Circuit Judges, and LYNN,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

Plaintiff A-World Trade, Inc. appeals the district court's dismissal of its Third Amended Complaint alleging that defendants[1] violated § 1 of the Sherman Act, 15 U.S.C. § 1. We review the district court's decision de novo, *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117 (9th Cir. 2018), and we affirm. Because the parties are familiar with the facts of this case, we need not recite them here.

1. The district court did not err in dismissing plaintiff's Sherman Act claim. "To establish liability under § 1, a plaintiff must prove (1) the existence of an agreement, and (2) that the agreement was in unreasonable restraint of trade." *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 836 F.3d 1171, 1178 (9th Cir. 2016). In the absence of direct evidence of an agreement, a plaintiff must plead that the defendants' parallel conduct, coupled with "plus factors," plausibly suggests the existence of an agreement. *See In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1193 (9th Cir. 2015).

Plaintiff alleges that parallel conduct existed because defendants made significant sales of precious metal bullion products ("PMBs") in short periods, followed by sharp returns to normal sales. Plaintiff alleges four, interrelated "plus

---

[1] The defendants in this case are Apmex, Inc., Bay Precious Metals, Inc., Bullion Exchange, LLC, Bullion Shark, LLC, DBS Coins, LP, JM Bullion, Inc., Liberty Coin, LLC, Moderncoinmart, LLC, Pinehurst Coin Exchange, Inc., Scottsdale Mint, LLLP, SD Bullion, Inc., Silver Towne, Inc., Texas Gold and Silver Exchange, Ltd., and Silver Gold Bull USA, Inc. (collectively, "defendants").

factors": (1) anomalous pricing behavior whereby one defendant would lower its prices below cost to sell large quantities of PMBs, and none of the other defendants followed suit to compete; (2) defendants acted against their own interests by forfeiting price control to eBay; (3) defendants' knowledge of each other and the coordinated plan; and (4) defendants' "written commitments" with eBay that marked the material terms defendants promised to abide by in furtherance of their alleged price-fixing scheme.

These "plus factors" do not plausibly suggest the existence of a horizontal agreement between defendants because they are explained by defendants' agreements to participate in eBay's Daily Deals Program. The Program spans many categories of products and is not limited to PMBs. The more obvious alternative explanation is that defendants individually participated in the Daily Deals Program for rational, economic reasons—to reap the benefits of the Program's subsidies and to obtain a higher volume of sales. Like sellers in other industries, defendants' decisions to participate in the Daily Deals Program is fully consistent with unilateral conduct. *See In re Musical Instruments*, 798 F.3d at 1194. Notably, eBay is not a defendant in this case, and plaintiff does not allege that the Daily Deals Program agreements between defendants and eBay violate § 1.

Plaintiff responds that the Daily Deals Program "does not explain how [defendants] knew to wait for, and not compete with, the single [defendant] consuming all of the market demand for the given time period."  But as the district court correctly noted, it made no apparent economic sense for defendants to undercut the "Featured Seller" and sell their products at a loss absent the eBay subsidy.

Plaintiff also alleges that defendants engaged in a predatory pricing scheme by selling PMBs at below cost.  "In a typical predatory-pricing scheme, the predator reduces the sale price of its product (its output) to below cost, hoping to drive competitors out of business.  Then, with competition vanquished, the predator raises output prices to a supracompetitive level."  *Weyerhaeuser Co. v. Ross-Simmons Hardwood Lumber Co., Inc.*, 549 U.S. 312, 318 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 584-85 (1986)).

According to plaintiff, defendants' costs of selling an item on eBay include the purchase cost of the PMBs, eBay transaction fees, shipping costs of the PMBs, payment processing fees, and certain additional costs.  Plaintiff estimated each of these costs, compared them to recorded PMB transactions in which defendants sold PMBs during a two-month period in 2019, and concluded that defendants sold PMBs at below cost.

4

But the allegation that defendants sold PMBs on eBay at below cost is implausible. As the district court correctly held, "[b]y failing to account for the eBay subsidy—a key financial incentive to participate in the Daily Deals Program—Plaintiff's calculations and allegations neglect the economic reality of each eBay sale at issue and miss Defendants' means of recouping the discounts offered to consumers." *See also U.S. v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 208 (1968) ("In interpreting the antitrust laws, we . . . . must look at the economic reality of the relevant transactions.") (internal citation omitted). It is necessary to consider both the PMB's sale price and the subsidy from eBay, and indeed, plaintiff does not allege that defendants' sales would be below cost if the eBay subsidy were included.

2. The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over plaintiff's state law claims brought pursuant to §§ 17043 and 17045 of the California Business and Professions Code. *See Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (stating standard of review). In declining to exercise supplemental jurisdiction, the district court considered "judicial economy, convenience, fairness, and comity," *see United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966), and determined that "[t]hese factors tip in favor of allowing Plaintiff's state-law claims to proceed

5

in state court." The court explained that comity interests were especially strong because "the remaining state claims imply that eBay's popular Daily Deals Program may be unlawful under California law," and expressed concern about the parties' cursory briefing of the state law claims. Thus, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

**AFFIRMED.**