NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 9 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY AGOSTO, an individual and as J.L.A.'s successor in interest, | No. 23-55800 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-08305-FWS-JDE |
| v. | |
| COUNTY OF LOS ANGELES, a public entity, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted November 19, 2024
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

Gary Agosto appeals the district court's grant of summary judgment and

dismissal of his state-law negligence claim premised on California Government

Code section 815.6 against the Los Angeles County Department of Children and

Family Services ("DCFS") arising from the death of his child, J.L.A. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

jurisdiction over a grant of summary judgment under 28 U.S.C. § 1291,[1] *see Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997) (en banc) (noting our discretionary jurisdiction over appeal from the dismissal of supplemental state law claims "when neither party has raised the issue"), and we review de novo, *Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 959 (9th Cir. 2021). We assume the parties' familiarity with the facts and recite them only as necessary. We affirm.

1. Under California Government Code section 815.6, a public entity such as DCFS may be liable when: "(1) a mandatory duty is imposed by enactment, (2) the duty was designed to protect against the kind of injury allegedly suffered, and (3) breach of the duty proximately caused injury." *State Dep't of State Hosps. v. Superior Ct.*, 349 P.3d 1013, 1018 (Cal. 2015); Cal. Gov't Code. § 815.6. "[A] mandated reporter shall make a report . . . whenever the mandated reporter, in the mandated reporter's professional capacity or within the scope of the mandated reporter's employment, has knowledge of or observes a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or neglect." Cal. Penal Code § 11166(a). DCFS social worker Maple Lee, a mandatory reporter, was following up on a referral to DCFS when she met with J.L.A.'s mother, Lacey Mazzarella, on August 15. *See* Cal. Penal Code

---

[1] Agosto withdrew his appeal of his claim under 42 U.S.C. § 1983.

§ 11165.7(a)(15), (18), (21). Lee therefore was required to make a new report of child abuse if, while "dispatched to investigate," she "observed evidence" of "a different, previously unreported incident or instance of child abuse." *B.H. v. County. of San Bernardino*, 361 P.3d 319, 337 (Cal. 2015).

Agosto argues that Lee's meeting with Mazzarella triggered Lee's mandatory duty to report because Lee knew or should have suspected that Mazzarella drove to the meeting under the influence of alcohol with J.L.A. in the car. During discovery, Mazzarella testified that she had been drinking alcohol prior to the meeting, and that Lee had asked her if she smelled alcohol and Mazzarella had denied the smell. But at the time of the meeting, Lee did not observe Mazzarella behave or drive in a manner that suggested she was intoxicated. So Lee did not have knowledge of a new instance of child abuse. Nor could Lee have reasonably suspected a new instance of child abuse. Under California law, "'reasonable suspicion' means that it is objectively reasonable for a person to entertain a suspicion, based upon facts that could cause a reasonable person in a like position, drawing, when appropriate, on the person's training and experience, to suspect child abuse or neglect." Cal. Penal Code § 11166(a)(1). Without more, on this record there were no facts before Lee that could have caused a person with her training and experience to suspect a new instance of child abuse. *See People v. Davis*, 25 Cal. Rptr. 3d 92, 101 (Ct. App. 2005) ("the duty to report arises . . . on

the basis of what a reasonable person would suspect based on th[e] facts" known to the mandatory reporter at the time); *see also B.H.*, 361 P.3d at 331 (distinguishing the section 11166(a) duty to report from a duty to investigate). Because Lee did not observe a new instance of child abuse and did not have facts before her that could have caused an objectively reasonable person to suspect child abuse under section 11166(a), there is no genuine issue of fact material to whether she had a duty to report.

2.    Under California law, "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov't Code § 820.2. "[A] public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." *Id.* § 815.2(b). When not mandated by statute, "decisions of child welfare agency employees—regarding determinations of child abuse, the potential risk to a child, placement of a child, removal of a child, and other resultant actions—are subjective *discretionary* ones." *B.H.*, 361 P.3d at 333 (emphasis in original). As such, Lee's decision not to report pursuant to California Penal Code section 11166(a) was discretionary, and the County is immune from liability.

**AFFIRMED.**