MEMORANDUM *
Elena Mihailescu, a female over the age of forty, appeals the district court’s grant *719 of summary judgment in favor of her employer, the Maryville Nursing Home, a non-profit Oregon organization, and Sisters of St. Mary of Oregon Maryville Corporation, an Oregon corporation (collectively “Maryville”). Mihailescu filed an action against Maryville for (1) age and workers’ compensation discrimination, in violation of the Age and Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 628, Oregon Revised Statute § 659A.030, and Oregon Revised Statute § 659A.040; and (2) the common law claim of wrongful termination. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite them only as necessary.
The district court did not err by applying the federal burden-shifting framework to Mihailescu’s state law discrimination claim. See Snead v. Metro. Prop. & Cas. Ins. Co., 237 F.3d 1080, 1092-93 (9th Cir.2001).
Additionally, the district court did not err by granting Maryville’s motion for summary judgment because Mihailescu failed to provide “specific and substantial” circumstantial evidence of pretext to rebut Maryville’s proffered legitimate, nondiscriminatory reason — poor “community relations” — for her termination. See Noyes v. Kelly Servs., 488 F.3d 1163, 1170 (9th Cir.2007) (“Where evidence of pretext is circumstantial, rather than direct, the plaintiff must present ‘specific’ and ‘substantial’ facts showing there is a genuine issue for trial.”). An employer is required only to offer its honest reasons for its action, even if the reason is foolish, trivial, or baseless. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir.2002); see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).
The dissent finds a triable issue of fact as to whether Maryville’s stated reason for terminating Mihailescu was pretextual. In its view, Mihailescu’s one instance of disobedience cannot be serious enough to terminate a 16-year employee with a good work record and who recently filed recent workers’ compensation back claims because a termination under these circumstances makes the reason for termination suspect. The problem with the dissent’s view is its unspoken assumption that an employer’s reasons for terminating an employee must be “serious,” in the eyes of the court, for the reason to be legitimate and nondiscriminatory. But it is not for judges to determine which job requirements are essential, nor which failures at work are sufficiently “serious” to warrant termination. It is of no moment that Mi-hailescu’s work record was otherwise clean. See Bodett v. CoxCom, Inc., 366 F.3d 736, 745 (9th Cir.2004).
The district court also did not err by holding Mihailescu was required to rebut all three of Maryville’s proffered legitimate, nondiscriminatory reasons for her termination. See Odima v. Westin Tucson Hotel Co., 991 F.2d 595, 600 (9th Cir.1993) (“[W]here an employer articulates several alternative and independent legitimate nondiscriminatory reasons, the falsity of one does not necessarily justify the finding that the remaining articulated reasons were pretextual.”); Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir.1994) (holding an employer is required to proffer only “a” legitimate, nondiscriminatory reason for its adverse employment action).
Further, the district court did not err by granting Maryville’s motion for summary judgment on Mihailescu’s state law wrongful termination claim because Mihailescu failed to show Maryville terminated her for acts that fulfilled an “important public duty.” Love v. Polk County Fire Dist., 209 Or.App. 474, 149 P.3d 199, 203 (2006).
*720 Finally, the district court did not abuse its discretion by failing to consider sua sponte whether it should have retained supplemental jurisdiction under 28 U.S.C. § 1367(c) over Mihailescu’s claims arising under state law. See Acri v. Vanan Assocs., Inc., 114 F.3d 999, 1000 (9th Cir.1997) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.