**Chris KOHLER**

v.

**REDNAP, INC. et al.**

No. CV 11–2752 GAF (SSx).

United States District Court, C.D. California.

June 28, 2011.

Scottlynn J. Hubbard IV, Lynn Hubbard III, Law Offices of Lynn Hubbard, Chico, CA, for Chris Kohler.

Orlando Villalba, Lobb & Cliff LLP, Keith Alan Kelly, Varner & Brandt LLP, Riverside, CA, for Rednap, Inc. et al.

## ORDER RE: MOTION TO DISMISS STATE LAW CLAIMS

GARY ALLEN FEESS, District Judge.

### I. INTRODUCTION & BACKGROUND

Plaintiff Chris Kohler ("Plaintiff") filed this suit against Rednap, Inc., doing business as Denny's # 7239 ("Denny's"), and Van Buren Investment Group, Ltd. (collectively, "Defendants"). (Docket No. 1, Compl.) Plaintiff is physically disabled and has encountered barriers in accessing Defendants' Denny's restaurant. (Compl.¶¶ 8, 10.) On the basis of these barriers, Plaintiff asserts a claim under the federal Americans with Disabilities Act ("ADA") as well as state-law claims under the Disabled Persons Act ("DPA"), the Unruh Civil Rights Act, and California Health and Safety Code section 19955. (Id. ¶¶ 16–52.) Plaintiff's ADA and Health

and Safety Code claims seeks injunctive relief and attorney's fees and costs, while his other state-law claims seek statutory damages in addition to those forms of relief. (*Id.* ¶¶ 31, 38–39, 46–47, 52.) Plaintiff's complaint explains that the DPA and Unruh Civil Rights Act make violations of the federal ADA actionable under state law, and Plaintiff bases these claims in part on the violation of the ADA. (*Id.* ¶¶ 36–37, 43, 45.)

Denny's now moves to dismiss Plaintiff's state-law claims for lack of subject matter jurisdiction. (Docket No. 11.) In particular, Denny's urges this Court to decline to exercise supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367. For the reasons set forth below, the Court **DENIES** Denny's motion.

## II. DISCUSSION

### A. STANDARD FOR DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION UNDER 28 U.S.C. § 1367

■ Under 28 U.S.C. § 1367(c), a district court "may decline to exercise supplemental jurisdiction over a claim" if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). While the presence of any of these factors will authorize the Court to decline to exercise supplemental jurisdiction over state-law claims, the Court's discretion "is informed by the . . . values of economy, convenience, fairness, and comity." *Acri v. Varian Assocs., Inc.,* 114 F.3d 999, 1001 (9th Cir.1997).

### B. Application

Denny's contends that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims because (1) they raise novel or complex issues of state law, (2) the state-law claims substantially predominate over the federal claim, and (3) other compelling reasons exist for declining to exercise supplemental jurisdiction here. The Court addresses each argument in turn.

#### 1. NOVEL OR COMPLEX ISSUE OF STATE LAW

■ First, Denny's contends that Plaintiff's state-law claims raise novel and complex issues of state law. (Mem. at 5.) In particular, Denny's explains that the DPA authorizes recovery of statutory damages of $1,000 "for each offense" and the Unruh Act authorizes recovery of $4,000 in statutory damages "for each and every offense." Cal. Civ.Code §§ 52(a); 54.3(a). Denny's contends that these provisions are unclear as to whether a plaintiff can collect damages for each day he was deterred from visiting the premises at issue. (Mem. at 5.) In support, Denny's cites two conflicting cases: *Botosan v. Fitzhugh,* 13 F.Supp.2d 1047, 1051–52 (S.D.Cal.1998), which held that the statutes authorized recovery of daily damages where Plaintiff alleged that he was deterred from going to an establishment on a daily basis, and *Doran v. Embassy Suites Hotel,* No. 02–1961, 2002 WL 1968166, at *4–6 (N.D.Cal. Aug. 26, 2002), which held that those provisions did not authorize awards for daily damages.

In the Court's view, California law is not as unclear as Denny's contends. In *Doran,* the plaintiff sought damages for each day from the date on which he first encountered barriers at the defendant's premises until the property was brought into compliance. *Id.* at *4. The court con-

cluded that such damages were not available because the statutory language "makes no reference to daily damages and appears to contemplate an award based on the number of instances of non-compliance, not on the passage of time." *Id.* In that way, the DPA and Unruh Act texts differ from other provisions that expressly provide that defendants are liable for statutory damages "for each day or part thereof" that a defendant remains in violation. *Id.* (citing Cal. Civ.Code § 789.3). The court concluded that the statute's phrase "for each offense" authorized "statutory damages based on each specific instance of non-compliance, rather than on the mere passage of time." *Id.* at *5. Finally, the court explained that the case on which *Botosan* had relied did not address whether daily damages were available, but rather whether a plaintiff could get damages for specific instances of deterrence on specific occasions. *Id.* In that way, the court in *Doran* made clear that the question of whether "daily damages" are available under the statute is distinct from whether statutory damages are available "for specific instances of deterrence on specific occasions." *Id.*

▮ This Court agrees with the well-reasoned opinion in *Doran* that daily damages are not available under California Civil Code sections 52(a) and 54.3(a). Indeed, a later amendment to the statutes in 2008 makes clear that damages are not available on a daily basis. *See* Cal. Civ. Code § 55.56 (added by Stats. 2008, c. 549 (S.B. 1608), § 4). The amended statute makes clear that statutory damages under sections 52(a) and 54.3(a) are recoverable "only if a violation or violations of one or more construction-related accessibility standards denied the plaintiff full and equal access to the place of public accommodation *on a particular occasion.*" *Id.* § 55.56(a) (emphasis added). In other words, statutory damages are not available on a daily basis from the date a plaintiff

first encounters a barrier until that barrier is remedied; rather, a plaintiff must be denied full and equal access "on a particular" occasion before he can recover statutory damages. Particularly in light of this 2008 amendment to the statute, California law is not unclear on whether daily damages are available. This therefore does not present a novel or complex issue of state law that would justify declining to exercise supplemental jurisdiction.

Denny's contends that even if section 55.56 did clarify the law regarding availability of daily damages, it raised new questions. That provision further provides that "[a] plaintiff is denied full and equal access only if the plaintiff personally encountered the violation on a particular occasion, or the plaintiff was deterred from accessing a place of public accommodation on a particular occasion." *Id.* § 55.56(b). To show deterrence, a plaintiff must show (1) that he "had actual knowledge of a violation or violations that prevented or reasonably dissuaded [him] from accessing a place of public accommodation that [he] intended to use on a particular occasion," *and* (2) that "[t]he violation or violations would have actually denied [him] full and equal access if [he] had accessed the place of public accommodation on that particular occasion." *Id.* § 55.56(d). Finally, the statute makes clear that "[s]tatutory damages may be assessed ... based on each particular occasion that the plaintiff was denied full and equal access, and not upon the number of violations of construction-related accessibility standards identified at the place of public accommodation where the denial of full and equal access occurred." *Id.* § 55.56(e).

According to Denny's, "it is unclear whether the word 'or' in subpart (b) is inclusive or exclusive." (Mem. at 6.) Denny's explains that this provision might be "intended to allow a plaintiff to only recov-

er once for either an encounter with a violation, or a near encounter in which the plaintiff was dissuaded from using a facility." (Mem. at 6–7.) Such a strained proposed interpretation of the statute does not raise a "novel or complex" issue of state law. The statute makes clear that a plaintiff can recover "based on each particular occasion that the plaintiff was denied full and equal access," and further explains that a plaintiff is denied full and equal access when he personally encounters a violation *or* when he is deterred from accessing a place of public accommodation on a particular occasion. Cal. Civ.Code § 55.56(b), (e). The Court does not see how these provisions can plausibly be read to allow a plaintiff to recover only once if he in fact was denied full and equal access on more than one occasion.

Next, Denny's argues that the statute is unclear as to what constitutes "actual knowledge" of a violation for purposes of showing deterrence under section 55.56(d). (Mem. at 7–8.) Denny's contends that it is unclear whether this only includes first-hand knowledge, or whether information from third parties or information based on past experience could also give rise to "actual knowledge." (Mem. at 8.) Denny's also contends that the statute is unclear as to what it takes to show that the plaintiff "had" actual knowledge: must the plaintiff have had the knowledge at the time he is deterred, or is it enough to have had the knowledge sometime before he was deterred? (Mem. at 7.) Again, the Court is not persuaded that these purported ambiguities give rise to a "novel or complex" question of state law that would warrant declining supplemental jurisdiction. Notably, Denny's does not cite any case law that struggles over the interpretation of this phrase. Moreover, "actual knowledge" is a commonly used statutory phrase, and interpreting it will not require the Court to tackle novel questions of state law.

For these reasons, the Court concludes that this case does not present any novel or complex issue of state law. The Court therefore will not decline to exercise supplemental jurisdiction on this basis.

### 2. WHETHER STATE-LAW CLAIMS SUBSTANTIALLY PREDOMINATE

■ Denny's next contends that the state-law claims substantially predominate the ADA claim here because there are three state-law claims and only one federal claim, and because the state-law claims seek damages that are not available under the federal statute. (Mem. at 5–6.) Denny's further argues that the ADA claim is "redundant and superfluous" because the injunctive relief and attorneys' fees that it authorizes are also available under state law. (Mem. at 6.)

The Supreme Court has indicated that state law claims can "substantially predominate ... in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Although the Court was not interpreting § 1367, which had not yet been enacted, the Ninth Circuit has indicated that the § 1367(c) inquiry should be informed by the Supreme Court decision in that case. *Acri*, 114 F.3d at 1001.

The Court acknowledges that other courts, including this one, have held that state law claims predominated in circumstances like those here. *See, e.g., Molski v. EOS Estate Winery*, No. 03–5880, 2005 WL 3952249, at *4 (C.D.Cal. July 14, 2005); *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F.Supp.2d 1120, 1131 (S.D.Cal.2005); *Molski v. Hitching Post 1 Restaurant, Inc.*, No. 04–1077, 2005 WL 3952248, at *7 (C.D.Cal. May 25, 2005). Other courts, however, have held that the state-law

claims do not predominate in these circumstances. *See, e.g., Wilson v. PFS LLC,* No. 06–1046, 2006 WL 3841517, at *6 (S.D.Cal. Nov. 2, 2006); *Chavez v. Suzuki,* No. 05–1569, 2005 WL 3477848, at *2 (S.D.Cal. Nov. 30, 2005). The Court is more persuaded that the state-law claims do not substantially predominate here.

The state-law claims do not substantially predominate in terms of proof. Indeed, because the claims are mostly based on ADA violations, the proof for those claims is identical to that needed to prove violation of the ADA. For the state-law claims, Plaintiff need only make an additional showing of the particular "occasions" on which he encountered the barriers or was deterred from visiting the restaurant because of the barriers in order to make out his claims for statutory damages. To be sure, the availability of damages under state law means that the state-law claims present a slightly larger scope of issues and offer more comprehensive remedies. Nonetheless, the Court does not find that this causes the state-law claims to *substantially* predominate this litigation.

Even if the state-law claims did predominate the federal claim for these reasons, the Court would not decline to exercise supplemental jurisdiction on that basis. The Ninth Circuit has made clear that the § 1367(c) inquiry "is informed by the *Gibbs* values 'of economy, convenience, fairness, and comity.'" *Acri,* 114 F.3d at 1001. It is clearly more convenient and economical for the ADA claim and state-law claims based on those same ADA violations to be litigated in one suit. Moreover, comity does not counsel in favor of declining jurisdiction here, where state law incorporates the federal substantive standard and simply provides additional remedies. Finally, the Court does not find it unfair to have the state-law claims litigated in this forum, rather than in a separate, and largely redundant, state-court suit.

For these reasons, the Court concludes that the state-law claims do not substantially predominate this litigation. The Court does not decline to exercise supplemental jurisdiction on that basis.

### 3. OTHER COMPELLING REASONS

Finally, Denny's contends that "other compelling reasons for declining jurisdiction" exist here because (1) Plaintiff is forum shopping and frequently files suits like this in federal court, (2) "comity obliges the court to allow California courts to interpret California law," and (3) "allowing federal courts to hear state law disability claims actually frustrates the purpose of federal law." (Mem. at 6–7; Reply at 9.)

■ First, the fact that Plaintiff is "forum shopping" by filing suit in this Court rather than state court does not constitute a "compelling reason" for declining jurisdiction. There is no reason why Plaintiff should have to file his claims in state court instead. "This sort of forum-shopping is commonplace among plaintiffs and removing defendants alike and is not an 'exceptional' circumstance giving rise to compelling reasons for declining jurisdiction, as required by section 1367(c)(4)." *Chavez,* 2005 WL 3477848, at *2. The fact that Plaintiff and his counsel frequently file suits asserting disability rights violations does not change this conclusion. The Ninth Circuit has acknowledged that "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047, 1062 (9th Cir.2007). Nothing bars Plaintiff from frequently invoking a federal forum to remedy ADA violations.

Second, for the reasons set forth above, the Court concludes that this case does not

present a novel or complex issue of state law. Principles of comity therefore do not demand that this Court allow state courts to decide unresolved questions of state law.

■ Finally, the Court is not persuaded that allowing federal courts to hear state-law disability claims frustrates the purpose of federal law. Denny's argues that the ADA seeks to have ADA violations quickly resolved, but that "state law requires that a defendant delay compliance with the ADA until the conclusion of the litigation." (Reply at 3.) According to Denny's, because Plaintiff has brought state-law claims, it must "maintain the evidence of any purported violation." (*Id.*) Denny's, however, cites no authority for this proposition, and the Court doubts that any legal or ethical standard would preclude Denny's from remedying the ADA violations for evidence-preservation purposes. Denny's further argues that it might fear a negative inference that a finder of fact would draw from any remediation of claimed violations. (Reply at 4.) Denny's, however, does not explain why evidence of subsequent remediation would be admissible in light of Federal Rule of Evidence 407, which provides that evidence of subsequent remedial measures "is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction." Fed.R.Evid. 407. Moreover, Denny's does not explain how *supplemental jurisdiction*—rather than the mere availability of damages under state law—would be the cause of these purported problems. Indeed, if the Court declined jurisdiction here and Plaintiff re-filed his state-law claims in state court, Denny's would face these same alleged problems. The Court accordingly concludes that exercising supplemental jurisdiction here would not undermine the ADA's purpose of encouraging the speedy remediation of ADA violations.

For these reasons, the Court concludes that this case does not present an "exceptional circumstance[ ]" under § 1367(d) in which "other compelling reasons" exist to decline supplemental jurisdiction. Because no such "compelling reasons" exist, and because this case does not present a novel or complex issue of state law or involve state-law claims that substantially predominate, the Court is not authorized to decline supplemental jurisdiction here. Even if one of these factors were present, the Court, in its discretion, would not decline to exercise jurisdiction over the state-law claims. Denny's motion to dismiss for lack of subject matter jurisdiction is accordingly **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Denny's motion to dismiss is **DENIED**. The Court will exercise supplemental jurisdiction over Plaintiff's state-law claims. The hearing on Denny's motion currently scheduled for July 11, 2011, is hereby **VACATED**.

**IT IS SO ORDERED.**