**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEAN MILLER, | No. 08-17293 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-00489-JAM-DAD |
| v. | |
| BUTTE COUNTY SHERIFF'S DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted September 27, 2011[**]

Before:      HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Jean Miller appeals pro se from the district court's summary judgment in her

42 U.S.C. § 1983 action alleging constitutional violations associated with her

incarceration in the Butte County Jail.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). We affirm.

The district court properly granted summary judgment on Miller's claim that her placement in jail rather than in the Sheriff's Work Alternative Program ("SWAP") violated her due process rights because Miller conceded that she did not have a liberty interest in participating in SWAP, and the record established that the program is a privilege granted at the discretion of the Sheriff's Department. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972) (due process claim cognizable only if there is a constitutionally protected liberty or property interest).

The district court properly granted summary judgment on Miller's First Amendment retaliation claim because Miller did not raise a triable dispute that her placement in county jail instead of SWAP did not serve a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth five-factor test for First Amendment retaliation); *Pratt v. Rowland*, 65 F.3d 802, 806-07 (9th Cir. 1995) (prisoner bears burden of proving absence of legitimate correctional goals for alleged retaliatory conduct).

The district court properly granted summary judgment on Miller's Eighth Amendment claim because Miller did not raise a genuine dispute of material fact as to whether any of the defendants were deliberately indifferent to her medical

needs. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (inmate must establish that prison officials "possessed a sufficiently culpable state of mind" to implicate the Eighth Amendment); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (a difference of opinion about medical care is "insufficient, as a matter of law, to establish deliberate indifference"); *see also Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) ("[T]he district court has the authority to decide an issue on summary judgment sua sponte, if the losing party was on notice to come forward with its evidence.").

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Miller's state law malpractice claims against California Forensic Medical Group after dismissing all of the federal claims. *See Acri v. Varian Assocs.*, 114 F.3d 999, 1001 (9th Cir. 1997).

Miller's remaining contentions, including allegations regarding judicial bias, bodily privacy, and her request for the reversal of her convictions, are unpersuasive.

We do not consider issues raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Miller's pending motion to correct the record is denied.

**AFFIRMED.**