FILED

NOT FOR PUBLICATION

MAY 30 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



YOUNG HAN, individually and as successor-in-interest to decedent Joseph Han; et al.,

        Plaintiffs-Appellants,

v.

CITY OF FOLSOM, a municipal corporation; et al.,

        Defendants-Appellees.

No.   15-16078

D.C. No.
2:10-cv-00633-MCE-GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Argued and Submitted April 21, 2017
San Francisco, California

Before: THOMAS, Chief Judge, MURGUIA, Circuit Judge, and BAYLSON,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Michael M. Baylson, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

This case returns to us after a prior remand. Plaintiffs Young, Nam, and David Han (collectively, "the Hans") brought federal claims and state wrongful death and negligent infliction of emotion distress claims against the City of Folsom, the Chief of Police, and Officers Barber, Peterson, and Prociw (collectively, "the City") for the shooting death of Joseph Han. The district court granted summary judgment to the City on all claims. The Hans appealed. A three-judge panel of this Court affirmed the dismissal of the federal claims, but reversed the dismissal of the state law wrongful death and negligent infliction of emotional distress claims, and remanded for further proceedings in light of the California Supreme Court's decision in *Hayes v. County of San Diego*, 305 P.3d 252 (Cal. 2013). *Han v. City of Folsom*, 51 Fed. App'x 923 (9th Cir. 2014). On remand, the district court granted summary judgment on the state law claims, and this appeal followed. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand. Because the parties are familiar with the facts of this case, we need not recount them here.

I

The City contends that it was entitled to summary judgment because the police officers owed no duty to Joseph Han and, therefore, his negligence claims must fail. The City is incorrect. Under California law, public employees "are

statutorily liable to the same extent as private persons for injuries caused by their acts or omissions, subject to the same defenses available to private persons." *Hayes*, 305 P.3d at 255; *see also* Cal. Gov. Code § 820. In addition, "public entities are generally liable for injuries caused by the negligence of their employees acting within the scope of their employment." *Id.*; *see also* Cal. Gov. Code § 815.2. California applies the familiar common law elements of the tort of negligence: a duty to use care, a breach of that duty, and a requirement that the breach was the proximate or legal cause of the resulting injury. *Id.* California also "has long recognized that peace officers have a duty to act reasonably when using deadly force." *Id.* at 256. "The reasonableness of an officer's conduct is determined in light of the totality of the circumstances." *Id.* In police cases, as well as others, the conduct in question "must always be gauged in relation to all the other material circumstances surrounding it and if such other circumstances admit of a reasonable doubt as to whether such questioned conduct falls within or without the bounds of ordinary care such doubt must be resolved as a matter of fact rather than of law." *Grudt v. City of Los Angeles*, 468 P.2d 825, 831 (Cal. 1970) (quoting *Toschi v. Christian*, 149 P.2d 848, 852 (Cal. 1944)).

In *Hayes*, the California Supreme Court held that an officer's "tactical conduct and decisions preceding the use of deadly force are relevant considerations

under California law in determining whether the use of deadly force gives rise to negligence liability." *Hayes*, 305 P.3d at 263. As the California Supreme Court summarized, "peace officers have a duty to act reasonably when using deadly force, a duty that extends to the totality of the circumstances surrounding the shooting, including the officers' preshooting conduct." *Id.* at 262. In assessing the standard of care, "[i]t is universally accepted that the standard of care in a particular industry may be established by its practitioners." *Cty. of Mariposa v. Yosemite W. Assocs.*, 202 Cal.App.3d 791, 806 (Ct. App. 1988); *see also Grudt*, 468 P.2d at 831 (error not to admit police tactical manual as evidence of standard of care).

In short, California recognizes that peace officers have a duty to act reasonably when using deadly force, and reasonableness is determined in light of the totality of the circumstances, including consideration of tactical and pre-shooting actions.

## II

Given the existence of a duty under California negligence law, and following *Hayes*' guidance that we must consider the reasonableness of the

4

officer's actions under the totality of the circumstances, the question then is whether there are triable issues of material fact that preclude summary judgment.[1] In this case, Han tendered expert evidence that the police actions were not reasonable under the totality of the circumstances under generally accepted police practices. The expert opined that even though the Officers were warned in advance that Joseph was acting strangely, that he was in possession of a hunting knife, and that his family was concerned about his well-being and his potential reaction to police presence, "the officers failed to use reasonable and generally accepted police practices for dealing with someone they believed was a person of diminished capacity." He further opined, among other matters, that the officers made conscious choices that unreasonably escalated the situation; that the use of deadly force was contrary to generally accepted police practices; and that the City made a

---

[1] We must reject the City's assertion, without legal support, that we are limited to reviewing only those facts set forth in the previous panel's memorandum disposition and those facts summarized by the district court in its second summary judgment order. Our remand in *Han v. City of Folsom*, 51 Fed. App'x 923 (9th Cir. 2014), did not alter or limit the record before the district court, and we conduct a *de novo* review of the district court's summary judgment order, *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008), which requires consideration of the full record, not just the facts as summarized by the district court. And, in reviewing a grant of summary judgment, an appellate court "may examine the record *de novo* without relying on the lower courts' understanding." *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 466 n.10 (1992). We therefore review the full record as developed before the district court.

conscious choice not to provide field officers with proper tactical tools and decision making techniques. He testified that "[t]hese decisions and unreasonable actions created the subsequent deadly force incident that resulted in Joseph Han's death."

The record also discloses genuine disputes as to material facts, such as whether the bedroom door was open or closed when the officers approached it, whether the officers provided a warning, whether they saw the knife, and the position of the victim when he was shot. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Even taking only the undisputed facts into consideration, the circumstances in this case bear a strong resemblance to the situation in *Hayes*, which also involved the fatal shooting of a knife-wielding individual.

Given all of these considerations, the entry of summary judgment was inappropriate in this case.

**REVERSED AND REMANDED.**