NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LILIYA WALSH,

        Plaintiff-Appellant,

 and

PETER WALSH,

        Plaintiff,

  v.

AMERICAN MEDICAL RESPONSE; et al.,

        Defendants-Appellees.

No. 15-16072

D.C. No. 2:13-cv-02077-MCE-KJN

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted March 8, 2017**

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Walsh's request for oral argument, set forth in her opening brief, is denied.

Lililya Walsh appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action arising from her seventy-two-hour mental health hold under California Welfare and Institutions Code section 5150. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Walsh's § 1983 claims because, even assuming state action, Walsh failed to allege facts sufficient to state a plausible procedural due process claim. *See id.* at 341-42 (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Doe v. Gallinot*, 657 F.2d 1017, 1022 (9th Cir. 1981) (upholding a district court's finding that a seventy-two-hour detention under Cal. Welf. & Inst. Code section 5150 is justified as an emergency measure, provided a probable cause hearing is held shortly thereafter).

The district court did not abuse its discretion in dismissing without prejudice Walsh's claims against defendant Paxton because Walsh failed to serve the summons and complaint on Paxton in a timely manner. *See* Fed. R. Civ. P. 4(m) (90-day time limit to effect timely service absent a showing of good cause); *see also In re Sheehan*, 253 F.3d 507, 511-12 (9th Cir. 2001) (standard of review and

requirements for good cause).

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Walsh's state law claims because it had dismissed all of Walsh's federal claims. *See Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (citation omitted)); *see also Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1107 (9th Cir. 2010) (standard of review).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-16072