**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NORWOOD PRICE,<br><br>      Plaintiff - Appellant,<br><br>  v.<br><br>MICHAEL PEERSON; AKAL<br>SECURITY INC.; WILLIAM<br>WALLACE; POTE PIGULSAWAS;<br>STEVEN MCGRATH,<br><br>      Defendants - Appellees. | No. 14-55836<br><br>D.C. No. 2:13-cv-03390-PSG-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted March 7, 2016[**]
Pasadena, California

Before: W. FLETCHER, MURGUIA, and OWENS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellant Norwood Price appeals the district court's grant of summary judgment in favor of Appellees Michael Peerson—a U.S. Marshal—and three Courthouse Security Officers ("CSOs"), who purportedly detained Price for approximately ten minutes at a federal courthouse in Los Angeles, California, after Price inquired about the courthouse's policy of requiring visitors to remove their shoes before entering. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

As a preliminary matter, Price has moved to strike portions of one of the answering briefs as irrelevant and prejudicial. We disfavor motions to strike, and Price offers no authority in support of the relief he seeks. Accordingly, his motion to strike is denied.

On the merits, the district court did not err in granting summary judgment on Price's claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Price has failed to demonstrate the existence of a genuine issue of material fact regarding whether any of the defendants-appellees violated his First or Fourth Amendment rights. The undisputed evidence establishes that the CSOs' brief conversation with Price was not a "seizure" within the meaning of the Fourth Amendment because a reasonable person in Price's position would have felt free to terminate the interaction and leave, *see United*

2

*States v. Orman*, 486 F.3d 1170, 1175 (9th Cir. 2007), and nothing in the record shows that the defendants-appellees intended to interfere with Price's First Amendment right to file a grievance against the Marshal. *See Mendocino Envtl. Ctr. v. Mendocino Cty*., 14 F.3d 457, 464 (9th Cir. 1994).

Further, because Price failed to raise a genuine issue of material fact as to whether any of the defendants-appellees violated his First or Fourth Amendment rights, his claim under California's Bane Act likewise fails as a matter of law. *See Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013) ("[The Bane Act] does not provide any substantive protections; instead, it enables individuals to sue for damages as a result of constitutional violations." (quoting in parenthetical *Reynolds v. Cty. of San Diego*, 84 F.3d 1162, 1170 (9th Cir. 1996), *overruled on other grounds by Acri v. Varian Assocs., Inc*., 114 F.3d 999, 1000 (9th Cir. 1997))).

Finally, the district court was within its discretion to conclude that the U.S. Marshals Service had no reason to believe it had a duty to preserve courthouse security tapes of Price's visit to the Marshal's Office, which are ordinarily recorded over every thirty days. There was no evidence that the videos were intentionally destroyed, nor did future litigation arising out of the incident with Price appear likely until nearly a year after the recordings were erased. *See United States v. Kitsap Physicians Serv*., 314 F.3d 995, 1001 (9th Cir. 2002) ("Defendants

engage in spoliation of documents as a matter of law only if they had 'some notice that the documents were potentially relevant' to the litigation before they were destroyed." (citation omitted)).

**AFFIRMED.**