

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00466-CR

_____

ANGEL ARELLANO, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 6
Tarrant County, Texas
Trial Court No. 1555725

---

Before Sudderth, C.J.; Gabriel and Kerr, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Angel Arellano appeals from his conviction for burglary of a vehicle and argues that the admission of a security video under the business-records exception to the hearsay rule was an abuse of discretion because it was not regularly kept. Because the video met the requirements for admissibility under the exception, its admission was not an abuse of discretion.

## I.  BACKGROUND

Michael Brooks was working at his restaurant-supply store on July 24, 2018. When he realized that he had left his phone in his car, which he had parked near the front door, he went out to get it. Brooks saw that his "car had been not how [he] left it"[1] and that his phone was gone. Brooks knew that the restaurant across the street had security cameras so he went there to see if the videos showed what happened to his phone. The video showed a man getting into the passenger seat of Brooks's car. Two days later, the restaurant manager and Brooks saw a man in the restaurant who looked like the man in the video. Brooks called the police; the man, later identified as Arellano, was arrested.

Arellano was charged by information with the misdemeanor offense of burglary of a vehicle. *See* Tex. Penal Code Ann. § 30.04(a), (d). At the bench trial, the owner of the restaurant, Edward Sullivan, testified regarding the security video. The

---

[1]Brooks stated that "[t]here was a Styrofoam cup with Coke spilled all over the place and the console was open."

restaurant has sixteen cameras that record twenty-four hours a day. Each records on an approximate thirty-day loop such that older portions of the video feed would be recorded over with new video when a certain storage limit is reached.[2] Sullivan testified that the videos are made in the regular course of the restaurant's business. He agreed that the videos are not maintained or kept indefinitely because of the loop process but stated that "[i]f something's on there" or there is an "issue," he regularly downloads the excerpt onto a flash drive, which is then kept in the regular course of business. If an excerpt is not downloaded, it eventually is recorded over. Sullivan estimated that he downloads such excerpts between one and five times each week. Sullivan also signed a business-records affidavit in which he swore that the video excerpts from each camera at the time of the offense "were kept in the course of regularly conducted business activity."

Arellano objected to the admission of the video excerpts because they were "irregularly kept" and, thus, inadmissible hearsay. *See* Tex. R. Evid. 802, 803(6)(B). The trial court overruled the objection and admitted the affidavit and video excerpts into evidence. The trial court found Arellano guilty and imposed a 365-day sentence with a $4,000 fine. On appeal, Arellano argues that the trial court's admission of the

---

[2]This means that "the cameras continually record, and any footage not recovered after 30 days cannot be retained thereafter." *Price v. Peerson*, No. CV 13-3390 PSG (JEMx), 2014 WL 12558253, at *9 (C.D. Cal. Apr. 23, 2014) (order), *aff'd*, 643 F. App'x 637, 638 (9th Cir. 2016) (mem. op.).

excerpts was an abuse of its discretion. *See King v. State*, 953 S.W.2d 266, 269 n.4 (Tex. Crim. App. 1997).

## II. ADMISSION OF VIDEO EXCERPTS

Records of a regularly conducted activity are admissible as an exception to the hearsay rule and, in the case of business records, are self-authenticating if the records are accompanied by an affidavit. *See* Tex. R. Evid. 803(6), 902(10). Arellano asserts that the video excerpts were inadmissible hearsay because they were not "kept in the course of a regularly conducted business activity."[3] Tex. R. Evid. 803(6)(B). He argues that because the restaurant's security cameras record on a loop, any captured video is eventually recorded over; thus, he contends that the security video was not "kept" as required by rule 803(6).

But Sullivan testified that if an incident occurs, he will download the video feed from the relevant time period to a flash drive and then keep the drive in the regular course of business. As the State points out, the video excerpts, which were kept in the regular course of the restaurant's business, are different from the entirety of the restaurant's security-camera feeds. The State sought to introduce only the downloaded excerpts from July 24, 2018; the restaurant undisputedly and regularly

---

[3]Arellano does not dispute that the excerpts were self-authenticated through Sullivan's affidavit.

4

kept such excerpts.[4]  Because the State satisfied the requirements of rule 803(6)(B) for admission of the excerpts, the trial court did not abuse its discretion by admitting them over Arellano's objection.  *See, e.g.*, *Lewis v. State*, No. 02-16-00179-CR, 2017 WL 2686325, at *10–11 (Tex. App.—Fort Worth June 22, 2017, pet. ref'd) (mem. op., not designated for publication); *Caceres v. State*, No. 14-15-00446-CR, 2016 WL 3554394, at *3 (Tex. App.—Houston [14th Dist.] June 28, 2016, pet. ref'd) (mem. op., not designated for publication); *cf. United States v. Wells*, 262 F.3d 455, 462–63 (5th Cir. 2001) (holding "oral testimony regarding the destroyed ledgers falls outside the hearsay exception under [federal evidentiary] Rule 803(6).  Therefore, the district court clearly abused its discretion in admitting the hearsay testimony of Antoine with respect to the drug 'ledgers.'").

## III. CONCLUSION

We overrule Arellano's issue and affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  August 26, 2019

---

[4]Sullivan averred in his affidavit and during his trial testimony that any downloaded video excerpts were regularly kept.  Contrary to Arellano's argument, there was no conflict on this issue between Sullivan's affidavit and testimony.