NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HALLMARK CARE SERVICES, INC., DBA Castlemark Guardianship and Trusts, DBA Eagle Guardianship, a Washington corporation; et al., | No. 19-35553 |
| | D.C. No. 2:19-cv-00102-TOR |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| SUPERIOR COURT OF THE STATE OF WASHINGTON FOR SPOKANE COUNTY; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Submitted June 3, 2020**
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Hallmark Care Services, Inc., Lori Petersen, and Kerri Sandifer (collectively,

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Hallmark), appeal the district court's denial of Hallmark's motion for partial summary judgment, the district court's grant of the Spokane County Superior Court's motion for summary judgment, and the district court's denial of Hallmark's motion to remand a claim to state court. We have jurisdiction under 28 U.S.C. § 1291. Reviewing the disposition of summary judgment motions *de novo*, *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020), and the exercise of supplemental jurisdiction for an abuse of discretion, *Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 603 (9th Cir. 2018), we affirm.[1]

The district court properly denied Hallmark's motion for partial summary judgment. Hallmark's motion effectively sought to turn the Washington Court of Appeals's reversal on procedural grounds into a judgment for damages. The Washington Court of Appeals did not grant such extraordinary relief.[2]

The district court properly granted the Superior Court's motion for summary judgment because Defendants are entitled to judicial or quasi-judicial immunity.

---

[1] Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal.

[2] The district court also properly denied Hallmark's request for attorney's fees. The district court was not the proper venue to seek attorney's fees stemming from the collateral proceedings in state court. Moreover, the statutes to which Hallmark points that provide an independent basis for attorney's fees require a litigant to prevail to judgment. *See Stotzky v. Riggers*, No. 77980-0-I, 2019 WL 4635140, at *9 (Wash. Ct. App. Sept. 23, 2019) ("The prevailing party [under Wash. Rev. Code § 4.84.030] means the party in whose favor final judgment is rendered at the end of the entire case.").

The Superior Court had jurisdiction, *see* Wash. Rev. Code § 11.88.010(1), 11.88.120(1); *In re Guardianship of Lamb*, 265 P.3d 876, 883 (Wash. 2011), and the Superior Court's conduct was judicial. *Ashelman v. Pope*, 793 F.2d 1072, 1075–78 (9th Cir. 1986) (en banc). Procedural errors do not allow a litigant to circumvent judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

Defendants Bastine and Kemmerer are entitled to quasi-judicial immunity. Bastine and Kemmerer did not preside over any of the removal hearings, but Bastine's and Kemmerer's actions assisted the Superior Court's exercise of its relevant judicial authority. In other words, Bastine's and Kemmerer's actions of which Hallmark complains were "actually a part of the judicial function." *Curry v. Castillo* (In re *Castillo*), 297 F.3d 940, 952 (9th Cir. 2002).

Finally, the district court did not abuse its discretion in declining to remand Hallmark's vacatur claim. The district court had supplemental jurisdiction over the claim and none of the § 1367(c) criteria triggered the district court's discretion to remand. *See* 28 U.S.C. § 1367(c); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). Even if the district court's discretion were triggered, the district court did not abuse its discretion in determining that economy, convenience, and fairness counseled in favor of the exercise of supplemental jurisdiction. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 250 (1988).

3

**AFFIRMED.**[3]

---

[3] Hallmark's Motions to Supplement the Record on Appeal, Dkt. 12 & 23, are DENIED.